THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INNOVATIVE SOLUTIONS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOULIHAN TRADING CO., INC., *et al.*, <br><br> Defendants. | CASE NO. C22-0296-JCC <br><br> ORDER |

This matter comes before the Court on Defendant Pilgrim's Pride Corporation's motion to dismiss for failure to state a claim (Dkt. No. 59). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

I.   BACKGROUND[1]

Between July and September 2021, Plaintiff purchased approximately 240,000 pounds of chicken product from Defendant Houlihan Trading Company ("Houlihan"). (Dkt. No. 22 at 8.) Defendant Pilgrim's Pride Corporation ("Pilgrim's Pride") was the original producer, processor, and packager of the chicken purchased by Plaintiff. (*Id.* at 9.) The chicken was sold down the supply chain, before it was eventually sold by Houlihan to Plaintiff. (*Id.*) The chicken was

---

[1] The Court accepts Plaintiff's account of the facts for purposes of this order.

labeled and included supporting documentation that it was "boneless" by industry standards. (*Id.*)

In July and August 2021, Plaintiff used the chicken to produce "Trader Joe's Chili Lime Chicken Burgers" and sold the burgers to Trader Joe's. (*Id.* at 7, 9.) In mid-September, Trader Joe's began to receive reports from customers who had bones in their burgers. (*Id.* at 9.) In early October, Trader Joe's stopped selling the burgers pending an investigation. (*Id.* at 9–10.) On October 13, Plaintiff found excessive and large bones in the raw chicken product during an inspection. (*Id.* at 10.) Plaintiff hired FlexXray, a third-party, to X-ray the products to identify any defective product. (*Id.*) After its inspection, which had representatives from Houlihan and Pilgrim's Pride present, FlexXray concluded the entire shipment of chicken was contaminated with excessive bone fragments. (*Id.*)

On November 10, 2021, Plaintiff issued a recall of approximately 100,000 pounds of raw chicken patty products that may be contaminated. (*Id.* at 11.) In December, Trader Joe's decided to discontinue the Chili Lime Chicken Burger product. (*Id.*) In March 2022, Plaintiff filed a complaint against multiple Defendants in the supply chain, including Houlihan and Pilgrim's Pride, for breach of contract, breach of express warranty, breach of implied warranty, negligent misrepresentation, negligence, and violation of Washington's Consumer Protection Act ("CPA").[2] (Dkt. No. 22.) Pilgrim's Pride moves to dismiss the complaint for failure to state a claim upon which relief can be granted. (Dkt. No. 59.)

## II. DISCUSSION

### A. Legal Standard

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is facially plausible when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[2] The complaint has since been amended twice. For purposes of this motion, the Court analyzes the second amended complaint (Dkt. No. 22).

misconduct alleged." *Id.* at 678. When reviewing a Rule 12(b)(6) motion, the Court accepts factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of the nonmovant. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). Although the Court must accept as true a complaint's well-pleaded facts, "conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Id.*

**B.   Breach of Express Warranty**

Plaintiff alleges Pilgrim's Pride breached an express warranty when it represented that the chicken it packaged and sold would be boneless, through written and verbal representations including labeling and other communications. (Dkt. No. 22 at 12.) An express warranty is any affirmation of fact or promise, any description of the goods, or any sample or model which relates to the goods and becomes part of the basis of the bargain. RCW 62A.2-313; *see Touchet Valley Grain Growers, Inc. v. Opp & Seibold Gen. Constr., Inc.*, 831 P.2d 724, 731 (Wash. 1992). Privity of contract is not required where a manufacturer makes express representations to a plaintiff, as long as the plaintiff is aware of those representations. *Tex Enters., Inc. v. Brockway Standard, Inc.*, 66 P.2d 625, 628 (Wash. 2003) (citing *Baughn v. Honda Motor Co., Ltd.*, 727 P.2d 655, 669 (Wash. 1986)).

Pilgrim's Pride argues that Plaintiff's claim should be dismissed because there is no privity of contract between Plaintiff and Pilgrim's Pride. (Dkt. No. 59 at 4.) Alternatively, Pilgrim's Pride argues that any representations it made were to the next defendant in the supply chain and not to Plaintiff. (*Id.* at 4–5.) Plaintiff counters that representations made on the label of a product do constitute express representations. (Dkt. No. 66 at 11 (citing *Poole v. Benjamin Moore & Co.*, 2018 WL 2716806, slip op. at 2 (W.D. Wash. 2018)).) Pilgrim's Pride replies that the information contained on the label of the boxes of chicken at issue does not rise to the level of an express warranty. (Dkt. No. 70 at 5–6.)

Plaintiff has pleaded sufficient facts to support this claim. Privity is not required where a manufacturer has made express representations of which the plaintiff is aware. *See Tex Enters.,*

1  *Inc.*, 66 P.2d at 628. Here, Plaintiff alleges Pilgrim's Pride manufactured and mislabeled the
2  chicken, labeling it with the industry standard numerical code that represents a "boneless"
3  product. (Dkt. No. 22 at 4, 9, 12.) Accepting Plaintiff's version of facts as true, there is a
4  plausible claim for breach of express warranty.

5  Thus, the Court DENIES Pilgrim's Pride's motion to dismiss Plaintiff's breach of express
6  warranty claim.

7  **C.  Breach of Implied Warranty**

8  Plaintiff also alleges Pilgrim's Pride impliedly warranted the chicken it sold to be safe for
9  consumption, and Pilgrim's Pride breached that warranty by selling a defective product. (*Id.* at
10 13.) To bring a claim of breach of implied warranty, the plaintiff must prove that (1) the seller
11 had reason to know the buyer's particular purpose, (2) the seller had reason to know the buyer
12 was relying on the seller's skill or judgment, and (3) the buyer relied on the seller's skill or
13 judgment. RCW 62A.2-315. Generally, Washington state law requires individual consumers to
14 establish vertical privity with the manufacturer to state a claim for breach of implied warranty.
15 *See Lohr v. Nissan N. Am., Inc.*, 2017 WL 1037555, slip op. at 7 (W.D. Wash. 2017) (citing
16 *Baughn*, 727 P.2d at 668–69). However, an exception applies for third-party beneficiaries where
17 the buyer can demonstrate the manufacturer knew the third party's identity, knew the third
18 party's purpose for purchasing the product, knew the third party's requirements for the product,
19 delivered the product, and/or attempted repairs of the product in question. *Id.* at 7 (citing *Touchet*
20 *Valley*, 831 P.2d at 730).

21 Pilgrim's Pride argues that there was no privity of contract between it and Plaintiff. (Dkt.
22 No. 59 at 5.) It also argues that Plaintiff fails to allege that Pilgrim's Pride or any other defendant
23 knew Plaintiff's plan for the chicken product. (*Id.* at 6.) Pilgrim's Pride also asserts it was not
24 involved with Plaintiff such that Plaintiff should be considered a third-party beneficiary. (Dkt.
25 No. 70 at 2–4.)

26 However, Plaintiff pleads sufficient facts to support its claim. Plaintiff alleges it regularly

ORDER
C22-0296-JCC
PAGE - 4

engaged in business with Pilgrim's Pride. (Dkt. No. 22 at 5.) Plaintiff also alleges representatives from Pilgrim's Pride were present when FlexXray conducted an inspection of the contaminated chicken. (*Id.* at 22.) Additionally, Plaintiff asserts Defendants (including Pilgrim's Pride) had reason to know the purpose for which the chicken product was needed based on communications between the parties. (*Id.* at 13.) Drawing reasonable inferences in favor of Plaintiff and accepting Plaintiff's version of facts as true, it is plausible that Pilgrim's Pride was aware of Plaintiff's intention to use the chicken for burgers and that it was involved with the process such that Plaintiff was a third-party beneficiary.

Thus, the Court DENIES Pilgrim's Pride's motion to dismiss the claim for breach of implied warranty.

### D.  Negligent Misrepresentation

Plaintiff alleges Pilgrim's Pride negligently misrepresented its product by improperly labeling and marketing the chicken as a boneless product. (*Id.* at 13.) To succeed on a claim of negligent misrepresentation, Plaintiff must show that (1) the defendant supplied Plaintiff with false information as to an existing fact; (2) the defendant knew or should have known that the information would guide Plaintiff in a business transaction; (3) the defendant was negligent in obtaining or communicating the false information; (4) Plaintiff relied on the false information; (5) reliance was reasonable; and (6) the false information proximately caused Plaintiff damages. *Ross v. Kirner*, 172 P.3d 701, 704 (Wash. 2007).

Pilgrim's Pride argues that it did not provide any information directly to Plaintiff and therefore the claim for negligent misrepresentation must fail. (Dkt. No. 59 at 7.) However, a defendant may make a negligent misrepresentation without being in direct communication with the plaintiff. *Merriman v. Am. Guarantee & Liab. Ins. Co.*, 396 P.3d 351, 361 (Wash. Ct. App. 2017) (citing *Haberman v. Wash. Pub. Power Supply Sys.*, 744 P.2d 1032 (Wash. 1987)). In *Haberman*, the court held that the defendant could be responsible for negligent misrepresentation despite having no direct communication with third party intervenors who relied on information

supplied by defendant in an official report. 744 P.2d at 1069.

Here, Plaintiff alleges Pilgrim's Pride mislabeled the chicken product. (Dkt. No. 22 at 4.) Plaintiff also alleges Pilgrim's Pride routinely sold products to Plaintiff and into Washington. (*Id.* at 5.) Plaintiff also cites to the product fact sheet supplied by Pilgrim's Pride, arguing Pilgrim's Pride provided false information because the chicken failed to meet these specifications. (Dkt. No. 66 at 15 (citing Dkt. No. 22-1 at 23).) Based on these facts, the Court can make the reasonable inference that Pilgrim's Pride knew or should have known it provided false information to Plaintiff that guided Plaintiff's business transactions and caused harm based on Plaintiff's reliance on the false information.

The Court DENIES Pilgrim's Pride's motion to dismiss the claim of negligent misrepresentation.

### E. Negligence

Plaintiff also alleges a claim of negligence by Pilgrim's Pride. (Dkt. No. 22 at 14.) Pilgrim's Pride correctly points out that Plaintiff has failed to allege that any party other than Houlihan owes a duty to Plaintiff. (Dkt. No. 59 at 7.) For this reason, Pilgrim's Pride's motion to dismiss the claim of negligence is GRANTED.

However, Plaintiff notes it intended to allege the claim of negligence against all the parties, not just Houlihan. (Dkt. No. 66 at 16.) To bring a claim of negligence, Plaintiff must show (1) the existence of a duty to the complaining party, (2) breach of that duty, (3) resulting injury, and (4) that the breach was the proximate cause of that injury. *Reynolds v. Hicks*, 951 P.2d 761, 763 (Wash. 1998).

Assuming Plaintiff intended to bring this claim against Pilgrim's Pride, Plaintiff alleges sufficient facts to support a claim of negligence. Plaintiff alleges Pilgrim's Pride was the packager of the mislabeled product, (Dkt. No. 22 at 4), that the chicken product did not meet the standards stated on the label, (*id.* at 9), and that this breach proximately caused foreseeable damages to Plaintiff, (*id.* at 14). Absent the scrivener's error, Plaintiff states a viable claim for

negligence. As such, the Court GRANTS Plaintiff leave to amend to properly plead its claim of negligence.

### F. Washington Consumer Protection Act

Finally, Plaintiff alleges Pilgrim's Pride engaged in unfair and deceptive acts or practice in the course of trade and commerce in violation of the CPA. (Dkt. No. 22 at 14–15.) To bring a private cause of action under the CPA, Plaintiff must show the conduct: (1) is unfair or deceptive, (2) occurred in the conduct of trade or commerce, (3) affects the public interest, (4) injured Plaintiff in its business or property, and (5) caused Plaintiff's harm. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986).

Pilgrim's Pride argues Plaintiff fails to state how its interest is harmed, fails to state how Pilgrim's Pride's acts caused the injury, and fails to state how it affects the public interest. (Dkt. No. 59 at 8.) It also argues there are no facts that show it knew the product would be used for human consumption or that it would be used in Washington. (*Id.*)

For the first two prongs, proof of an unfair or deceptive act or practice occurring in trade or commerce "may be established by a showing that (1) an act or practice which has a capacity to deceive a substantial portion of the public (2) has occurred in the conduct of any trade or commerce." *Hangman Ridge*, 719 P.2d at 535. Plaintiff sufficiently pleads prongs one and two of a CPA claim by alleging the mislabeled product were used in Plaintiff's products and distributed to customers in Washington. (Dkt. No. 22 at 9.)

For the third prong, whether the public has an interest in any given action is determined by a number of factors, depending on the context in which the actions were committed. *Hangman Ridge*, 719 P.2d at 790. Where the transaction is essentially a private dispute, "it is the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion that changes a fact pattern from a private dispute to one that affects the public interest." *Id*. Factors affecting the public interest include (1) whether the alleged act was committed in the course of defendant's business, (2) whether defendant advertised to the public, (3) whether defendant

actively solicited this particular plaintiff, indicating the potential solicitation of others, and (4) whether plaintiff and defendant occupied unequal bargaining positions. *Id.* at 790–91. Here, Plaintiff alleges Pilgrim's Pride's actions had the capacity to deceive a substantial portion of the public because tainted food products pose a serious health hazard to consumers of the end product. (Dkt. No. 22 at 14–15.) At this stage of the proceedings this Court may reasonably infer, taking Plaintiff's allegations to be true and taking into account the context which Pilgrim's Pride's actions took place, that those actions affect the public interest.

Finally, Plaintiff has properly pleaded that Pilgrim's Pride's actions caused it harm in its business or property. (*See id.* at 11.)

Therefore, Plaintiff has properly pleaded all of the elements of a CPA claim and Pilgrim's Pride's motion to dismiss that claim is DENIED.

### III.  CONCLUSION

For the foregoing reasons, Pilgrim's Pride's motion to dismiss (Dkt. No. 59) is GRANTED in part and DENIED in part. The Court ORDERS as follows:

1. Plaintiff's claim for negligence against Pilgrim's Pride is DISMISSED without prejudice;
2. Within fourteen (14) days of this order, Plaintiff may amend the complaint to fix the scrivener's error on the negligence claim. No further amendments may be made without additional leave from the Court.

DATED this 18th day of October 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE