THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INNOVATIVE SOLUTIONS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOULIHAN TRADING CO INC., *et al.*, <br><br> Defendants. | CASE NO. C22-0296-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff's motion to compel discovery from Defendant Pilgrim's Pride Corporation ("Pilgrim's Pride") (Dkt. No. 78). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.   BACKGROUND

The underlying facts of this case have been set forth in a previous order and the Court will not repeat them here. (*See* Dkt. No. 77). Plaintiff first filed its complaint in March 2022 against Defendant Houlihan Trading Co., Inc. (Dkt. No. 1). It filed an amended complaint in June 2022, adding additional defendants, including Pilgrim's Pride.[1] (Dkt. No. 14.) Plaintiff

---

[1] Plaintiff amended the complaint a second time in late June to correct the name of one of the other defendants.

effected service on Pilgrim's Pride on July 1, 2022. (Dkt. No. 29).

In early August 2022, Plaintiff served discovery requests on Pilgrim's Pride. (Dkt. Nos. 78 at 4, 79-1.) On September 15, Pilgrim's Pride produced documents and replies to Plaintiff's interrogatories. (Dkt. No. 79-2.) On September 19, Plaintiff replied, arguing Pilgrim's Pride's production appeared incomplete. (*Id.*) The parties met and conferred on September 29 to discuss search terms and custodians to narrow the scope of discovery of electronic documents. (Dkt. No. 79-5.) In a subsequent exchange of e-mails, the parties disagreed over the speed at which Pilgrim's Pride should produce documents responsive to Plaintiff's requests. (*Id.*, Dkt. No. 85 at 13–23.) Plaintiff asked Pilgrim's Pride for a timeline stating when Pilgrim's Pride would provide privilege terms, relevant documents, and updated hit counts for revised search terms. (Dkt. No. 79-5 at 8–9.) Pilgrim's Pride replied that it was working on gathering the documents and would produce on a rolling basis. (*Id.* at 3.) Plaintiff then filed a motion to compel, arguing that Pilgrim's Pride has failed to produce documents in a timely manner and has still failed to commit to a timeline for the production of those documents. (Dkt. No. 78.)

## II.      DISCUSSION

### A.      Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). An "evasive or incomplete disclosure, answer, or response must be treated as failure to . . . answer." Fed. R. Civ. P. 37(a)(4). The Court has broad discretion to decide whether to compel disclosure of discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

### B.      Plaintiff's Motion to Compel

Plaintiff argues Pilgrim's Pride has not only failed to produce documents in a timely manner but has also refused to provide a timeline clarifying when it will produce the documents.

(Dkt. No. 78 at 8.) Pilgrim's Pride argues that Plaintiff's requests were initially overbroad and that it would be impossible to comply with Plaintiff's proposed deadlines. (Dkt. No. 84 at 10–11.) Plaintiff contends that it has worked diligently to assist Pilgrim's Pride in narrowing the search terms and Pilgrim's Pride has failed to show that it would be unduly burdened by the discovery requests. (Dkt. No. 87 at 5–6.)

The Court agrees with Plaintiff. Pilgrim's Pride states it can "only go so fast" to produce the documents and cites the large amount of hit counts resulting from Plaintiff's search terms. (Dkt. No. 84 at 10–11.) However, Plaintiff's requests generally appear reasonable. Pilgrim's Pride has consistently argued it "cannot go any faster than [it is] going." (Dkt. No. 79-5 at 3.) But instead of providing firm updates about its progress and expected production dates, Pilgrim's Pride states it cannot go any faster, while failing to provide a concrete timeline of when it expects to produce. In the most recent correspondence between the parties before the Court, Pilgrim's Pride says it will "*hopefully* have the first batch of documents" by the week of November 21. (Dkt. No. 85 at 42) (emphasis added). Plaintiff served its initial discovery requests in August, almost four months ago. Plaintiff's request here is not unreasonable, especially given Pilgrim's Pride's failure to clearly communicate deadlines for production or to support its assertion that production of the requested documents is impossible by the requested deadline. Therefore, Plaintiff's motion to compel is GRANTED.

C.   **Request for Fees**

Plaintiff seeks its reasonable fees incurred in filing its motion to compel. (Dkt. No. 87 at 7.) The Court need not order payment of fees if the opposing party's nondisclosure was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(ii-iii). Substantial justification exists if reasonable people could differ as to the appropriateness of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). While the Court grants Plaintiff's motion, reasonable minds could conclude that Pilgrim's Pride's failure to produce documents in a timely manner resulted from a breakdown in communication

between the parties. At times, Plaintiff's demands reflected unilateral and extremely tight deadlines, instead of collaboratively working with Pilgrim's Pride to find a mutually agreeable deadline. Moving forward, the parties are strongly encouraged to set *reasonable*, but *concrete* deadlines for the production of any future documents. Plaintiff's request for fees is DENIED.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel (Dkt. No. 78) is GRANTED. Defendant Pilgrim's Pride is ORDERED to produce all documents responsive to Plaintiff's initial discovery requests (along with a privilege log) and to amend its interrogatory responses no later than ten (10) days from the date of this order.

DATED this 1st day of December 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE