THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INNOVATIVE SOLUTIONS INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HOULIHAN TRADING CO INC., *et al.*,<br><br>Defendants. | CASE NO. C22-0296-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Pilgrim's Pride Corporation's ("Pilgrim's Pride") motion for reconsideration (Dkt. No. 105). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

This Court previously granted Plaintiff's motion to compel and ordered Pilgrim's Pride to produce all documents responsive to Plaintiff's initial discovery requests (along with a privilege log) and to amend its interrogatory responses no later than Monday, December 12, 2022. (Dkt. No. 92.) Pilgrim's Pride now argues that at the time of this Court's prior order, the scope of Plaintiff's request was still unknown and that it is now working diligently to produce the requested documents as soon as possible. (Dkt. No. 105 at 2.)

Motions for reconsideration are generally disfavored. LCR 7(h)(1). But reconsideration is

ORDER
C22-0296-JCC
PAGE - 1

appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.*

Pilgrim's Pride asserts the massive volume of electronically stored information (ESI) that Plaintiff requested makes it impossible for it to fully comply with the Court's previous order, and that the actual number of documents was not known at the time of the previous order. (Dkt. No. 105 at 4–5.) Since the Court's order, Pilgrim's Pride produced over 150,000 documents on December 9, 2022 and served supplemental answer to Plaintiff's first set of discovery requests on December 12, 2022. (Dkt. No. 113 at 2.) Moreover, both parties agree that it would be appropriate to extend the deadline for Pilgrim's Pride to produce its privilege log and all supplemental productions resulting from privilege review given the large volume of documents. (Dkt. Nos. 105 at 10, 109 at 7.) However, they disagree as to how long the extension should be.

Pilgrim's Pride argues that there are over 177,000 documents that need to be reviewed for privilege and asks for a deadline of January 27, 2023. (Dkt. No. 105 at 10.) Plaintiff argues that it needs time to review such a large quantity of documents, which it requested over four months ago, given the impending discovery cutoff date and asks for a deadline of January 2, 2023. (Dkt. No. 109 at 6–7.)

Taking into account both parties' arguments, the Court EXTENDS the deadline for Pilgrim's Pride to produce its privilege log and all supplemental productions to January 20, 2023.[1] However, Pilgrim's Pride also states it can provide rolling production before the final production date. (Dkt. No. 105 at 7 n.5.) The Court ORDERS Pilgrim's Pride to provide Plaintiff non-privileged records on a rolling basis to provide Plaintiff as much time as possible to review these documents.

---

[1] At this time, the Court will not order Pilgrim's Pride to make its witnesses available as requested by Plaintiff. (Dkt. No. 109 at 7.) However, both parties are instructed to cooperate and schedule depositions in a timely manner. If Plaintiff determines it is unable to complete discovery by the cutoff date, it may move to extend the date as needed.

1  DATED this 29th day of December 2022.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE