THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INNOVATIVE SOLUTIONS INTERNATIONAL INC., <br><br> Plaintiff, <br><br> v. <br><br> HOULIHAN TRADING CO. INC., *et al.*, <br><br> Defendants. | CASE NO. C22-0296-JCC <br><br> ORDER |

This matter comes before the Court on Defendant Marcus Technologies LLC's motion to dismiss (Dkt. No. 80). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

This is a product liability action brought by Plaintiff Innovative Solutions International ("Innovative"). (Dkt. No. 83.) According to the Third Amended Complaint, Innovative had a contract with Trader Joe's to sell chicken burgers, but Trader Joe's terminated the relationship after customers reported bones and bone fragment in the burgers. (*Id.* at 2–3.) Plaintiff brought suit against each of the companies in the supply chain, including Marcus Technologies for breach of express warranty, breach of implied warranty, negligent misrepresentation, negligence, and violation of Washington's Consumer Protection Act ("CPA"). (*Id.* at 12–15.) Marcus

Technologies moves to dismiss the complaint for lack of personal jurisdiction. (Dkt. No. 80.)

If a defendant moves to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the exercise of jurisdiction is appropriate. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). Here, Innovative does not oppose the dismissal of Marcus Technologies for lack of personal jurisdiction and does not present any evidence to demonstrate jurisdiction is appropriate. (*See* Dkt. No. 97.)

Moreover, Marcus Technologies is a Texas based corporation with extremely limited contacts with Washington and had no contact with Washington in the transactions at issue here. (Dkt. No. 80 at 3–5.) Thus, Marcus Technologies does not have sufficient contacts with the state to establish specific or general jurisdiction and this Court does not have personal jurisdiction over it.

For the foregoing reasons, Defendant Marcus Technologies LLC's motion to dismiss (Dkt. No. 80) is GRANTED. Plaintiff's claims against Marcus Technologies are DISMISSED without prejudice.

DATED this 4th day of January 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE