THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INNOVATIVE SOLUTIONS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOULIHAN TRADING CO., INC., *et al.*, <br><br> Defendants. | CASE NO. C22-0296-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff's and Defendant Houlihan Trading Co., Inc.'s ("Houlihan") motions to dismiss Defendant Pilgrim's Pride Corporation's ("Pilgrim's") counterclaims (Dkt. Nos. 111, 112). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Plaintiff's motion (Dkt. No. 111) and DENIES Houlihan's motion (Dkt. No. 112) for the reasons explained herein.

I.  BACKGROUND[1]

Pilgrim's is in the business of preparing and packaging chicken for resale. (Dkt. No. 90 at 16.) In this instance, that chicken then made its way through multiple vendors, before being sold to Houlihan who, in turn, sold it to Plaintiff. (*Id.* at 16–17.) Plaintiff used that chicken in various

---

[1] The Court accepts as true Pilgrim's alleged facts for purposes of the instant motions. *See Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015).

food products, which it sold to Trader Joe's. (*Id.* at 18.) After customers complained about the presence of bones in the products, Trader Joe's terminated its contract with Plaintiff. (*Id.*) Plaintiff brought suit against various members of the supply chain, including Houlihan and Pilgrim's. (*Id.* at 19.) Houlihan crossclaimed against Pilgrim's. (Dkt. No. 26.) Pilgrim's then filed a counterclaim for equitable indemnity[2] against both Plaintiff and Houlihan. (Dkt. No. 90.) Plaintiff and Houlihan now move to dismiss Pilgrim's counterclaims. (Dkt. Nos. 111, 112.)

## II. DISCUSSION

### A. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering such a motion, the court must accept all facts alleged as true and make all inferences in the light most favorable to the non-moving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144–45 (9th Cir. 2013).

### B. Equitable Indemnity

Under the "American Rule," litigants must each pay their own attorney fees, unless a statute or contract provides otherwise. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–53 (2010). And in Washington, a party may recover attorney fees as consequential damages under a theory of equitable indemnity. *Jakobsen v. Burros*, 2020 WL 1528473, slip op. at 2 (W.D. Wash. 2020) (citing *Blueberry Place Homeowners Ass'n v. Northward Homes, Inc.*, 110 P.3d 1145, 1149–50 (Wash. 2005). To recover under this theory, three elements must be present: "(1) a wrongful act or omission by A toward B; (2) such act or omission exposes or involves B in

---

[2] Pilgrim's also makes passing reference to a claim for implied indemnity. (*See* Dkt. Nos. 90 at 20, 111 at 4 n.3.) But a cause of action for implied indemnity "arises when one party incurs a liability the other party should discharge by virtue of the nature of the relationship between the parties." *Central Washington Refrigeration, Inc. v. Barbee*, 946 P.2d 760, 763 (Wash. 1997). Pilgrim's provides no facts supporting such a relationship between the parties.

litigation with C; and (3) C was not connected with the initial transaction or event, [namely], the wrongful act or omission of A toward B." *Manning v. Loidhamer*, 538 P.2d 136, 138 (Wash. Ct. App. 1975). Pilgrim's, in seeking equitable indemnity against Plaintiff and Houlihan, asserts that it can establish all of these elements against each, because its chicken was properly labeled for export outside of the United States only meaning one of the defendants misrepresented the nature of the product and/or failed to properly inspect the product to ensure it was free of bones. (Dkt. No. 90 at 16–18.)

### C. Plaintiff's Motion to Dismiss

Plaintiff moves to dismiss Pilgrim's counterclaim for equitable indemnity, arguing that the claim is not properly brought against it and that Pilgrim's fails to meet the required elements of a claim for equitable indemnity. (Dkt. No. 111.)

As to the first issue, Plaintiff contends that Pilgrim's claim is improper because any liability between a plaintiff and a defendant can be calculated in a judgment arising from the case. (Dkt. No. 111 at 4) (citing *City of Spokane v. Monsanto Co.*, 2017 WL 2945729, slip op. at 8 (E.D. Wash. 2017)). But Pilgrim's is not seeking equitable indemnity based on proportional liability, as the defendant in *Monsanto* was. (*See* Dkt. No. 90 at 19–20.) Rather, it alleges that it was an innocent third-party who would not have been exposed to litigation but for Plaintiff's actions. This is sufficient to bring a claim for equitable indemnity.

As to the second issue, Plaintiff is correct that Pilgrim's has failed to plausibly allege all the required elements to bring such a claim. To do so, Pilgrim's must demonstrate that Plaintiff made a "wrongful act or omission" towards Pilgrim's. *Manning*, 538 P.2d at 138. Yet Pilgrim's only alleges that it would not have been exposed to litigation if Plaintiff had "properly and competently inspected the [chicken product]" or if it had "implemented and followed an adequate inspection protocol." (Dkt. No. 90 at 19–20.) Neither constitute a wrongful act or omission by Plaintiff *against Pilgrim's*. *See Newport Yacht Basin Ass'n of Condo. Owners v. Supreme Northwest, Inc.*, 285 P.3d 70, 82 (Wash. Ct. App. 2012). For this reason, Pilgrim's

counterclaims against Plaintiff must fail and, as such, are DISMISSED with prejudice.[3]

### D.     Houlihan's Motion to Dismiss

Houlihan also moves to dismiss Pilgrim's counterclaim for equitable indemnity, arguing Pilgrim's has not plausibly alleged all of the elements. (Dkt. No. 112.) Specifically, Houlihan contends that an equitable indemnity claim must fail if "in addition to the wrongful act or omission of [Houlihan], there are other reasons why [Pilgrim's] became involved in litigation with [Plaintiff]." (Dkt. No. 112 at 5) (citing *Blueberry Place Homeowners Ass'n v. Northward Homes, Inc.*, 110 P.3d 1145, 1150 (Wash. Ct. App. 2005)); *cf. James v. Paton*, 2016 WL 11783311 (W. D. Wash. 2016) (equitable indemnity against accounting firm not available where third party brought claims against defendants entirely unrelated to accounting firm). And Houlihan asserts that Pilgrim's is a defendant in this case based on its own conduct, which cannot be reasonably attributed to any other party. (Dkt. No. 112 at 5.) Houlihan also cites to the fact that Plaintiff's allegations against Pilgrim's have survived a motion to dismiss. (*Id.* at 6.)

But the fact that Plaintiff has raised plausible claims against Pilgrim's is irrelevant here. At the motion to dismiss stage, the Court must consider all facts in the light most favorable to the non-moving party. *See In re Fitness Holdings*, 714 F.3d at 1144–45. It is Pilgrim's, the non-moving party, allegations which are at issue. And it has stated sufficient facts to support its claim that it has been exposed to litigation because of Houlihan's wrongful act, namely misrepresenting Pilgrim's product to Plaintiff. (Dkt. No. 122 at 5.) Although Pilgrim's claims may be so intertwined with Plaintiff's that, ultimately, Pilgrim's counterclaim fails, this is not the proper stage of proceedings to answer such a question. *See Jakobsen v. Burros*, 2020 WL 1528473, slip op. at 4 (W.D. Wash. 2020).

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss (Dkt. No. 111) is GRANTED and

---

[3] A dismissal with prejudice is appropriate because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

1   Houlihan's motion to dismiss (Dkt. No. 112) is DENIED.

2        DATED this 23rd day of March 2023.

<br/>

_[signature]_

John C. Coughenour
UNITED STATES DISTRICT JUDGE