THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INNOVATIVE SOLUTIONS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOULIHAN TRADING CO., INC., *et al.*, <br><br> Defendants. | CASE NO. C22-0296-JCC <br><br> ORDER |

This matter comes before the Court on Defendant Pilgrim's Pride motion to bifurcate. (Dkt. No. 197.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

This action is a supply chain dispute arising from the delivery of chicken containing bones. (*See generally* Dkt. No. 83.) Defendant Pilgrim's Pride is in the business of preparing and packaging chicken for resale. (Dkt. No. 90 at 16.) That chicken made its way through multiple vendors, before being sold to Houlihan Trading who, in turn, sold it to Plaintiff Innovative Solutions. (*Id.* at 16–17.) Plaintiff used that chicken in various food products, which it sold to Trader Joe's. (*Id.* at 18.) After customers complained about the presence of bones in the products, Trader Joe's terminated its contract with Plaintiff. (*Id.*) Plaintiff brought suit against

various members of the supply chain, including Houlihan and Pilgrim's. (*Id.* at 19.). Now before the Court is Pilgrim's motion to bifurcate. (Dkt. No. 197.) Pilgrim's argues that bifurcation is appropriate because liability evidence would be prejudicial and bifurcation would expedite litigation. (Dkt. No. 197 at 4–6.) Plaintiff opposes the motion to bifurcate, arguing that bifurcation will neither expedite or economize litigation and, in addition, that the evidence Pilgrim's would seek to exclude is relevant to determining damages for its Consumer Protection Act ("CPA") claim. (Dkt. No. 207 at 1.) Houlihan also opposes bifurcation because it would complicate its ability to recover damages in a separate action in Missouri. (Dkt. No. 204 at 5.)

Under the Federal Rules of Civil Procedure, the court may bifurcate a trial "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The decision to bifurcate rests within the Court's sound discretion. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961—962 (9th Cir. 2001). However, "separation of issues for trial is not to be routinely ordered." Fed. R. Civ. P. 42 advisory committee's note (1966 Amendment).

Having considered the factors of prejudice, convenience, expedition and economy, the Court concludes that bifurcation of liability and damages is not appropriate in this case. The parties raise several claims rooted in contract, tort, and statute—each with their own considerations, *e.g.*, fault allocations, attorney fees, and treble damages. (*See generally* Dkt. Nos. 14, 16.) Because these considerations likely require knowledge of the sources of liability, a separate trial for damages would complicate rather than facilitate this action. Furthermore, Plaintiff's CPA claim could potentially allow much of the otherwise-excluded prejudicial evidence into the damages phase.

For the foregoing reasons, the Court DENIES Defendant's Motion to Bifurcate (Dkt. No. 197.)

DATED this 20th day of November 2023.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE