THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INNOVATIVE SOLUTIONS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOULIHAN TRADING CO. INC., *et al.*, <br><br> Defendants. | CASE NO. C22-0296-JCC <br><br> ORDER |

This matter comes before the Court on Defendant Pilgrim's Pride Corporation's ("Pilgrim's") motion for reconsideration (Dkt. No. 250) of this Court's order granting in part and denying in part Plaintiff Innovative Solutions International, Inc.'s ("Innovative") motion for summary judgment (Dkt. No. 247). Having thoroughly considered the relevant record, the Court hereby GRANTS in part and DENIES in part the reconsideration motion (Dkt. No. 250) for the reasons explained herein.

Motions for reconsideration are generally disfavored. LCR 7(h)(1). Reconsideration is only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Ma v. Univ. of S.*

*California*, 2019 WL 1239269, slip op. at 1 (W.D. Wash. 2019).

Here, Defendant argues the Court committed manifest error in three ways.

First, Defendant argues that the Court erred in granting *partial* summary judgment to Innovative on its negligent misrepresentation claim, even though the Court determined that "Innovative failed to establish the first prong of its *prima facie* case, specifically, that Pilgrim's supplied false information." (*See* Dkt. No. 250 citing Dkt. No. 247 at 7–10.) Defendant argues that Innovative's *failure* to establish the first element of its negligent misrepresentation claim precluded the Court from finding in Pilgrim's favor on an element-by-element basis. (*Id*.) This reasoning, however, betrays Pilgrim's fundamental misunderstanding of the Court's order. As the Court noted, "while some evidence cited suggests that "breast trim" is understood to be boneless, other evidence suggests that breast trim may include bones. . . [U]ltimately, a reasonable jury could conclude one way or the other." (*See* Dkt. No. 247 at 6.) In other words, Innovative did not *fail* to support its burden at summary judgment but, rather, as indicated in the Court's order, a genuine issue of material fact existed as to this element, thereby precluding summary judgment. The Court went on to hold that, in the face of Innovative's properly supported claim, it would proceed on an element-by-element basis. (*Id*. at 7) The Court did just that, granting Innovative's motion for summary judgment with respect to the second, third, and fourth prongs of its negligent misrepresentation claim. (*Id*.) As to the first prong—which Innovative sufficiently supported—the Court found it apt for resolution by a trier of fact. Indeed, an essential characteristic of our judicial system is the manner in which it distributes trial functions between judge and jury and, under the influence—if not the command—of the Seventh Amendment, assigns the decisions of disputed questions of fact to the jury. *See Byrd v. Blue Ridge Rural Elec. Co-op., Inc.,* 356 U.S. 525, 537 (1958).

Second, Defendant argues the Court committed manifest error by not considering one piece of ostensibly relevant evidence when granting summary judgment to Innovative on the third element of its negligent misrepresentation claim. (Dkt. No. 250 at 6.) According to the

ORDER
CR22-0296-JCC
PAGE - 2

1  Court's order, Innovative provided three pieces of evidence in moving for summary judgment
2  which supported the inference that Defendant negligently communicated information. (*See* Dkt.
3  No. 247 at 8–9.) It consisted of a "Product Fact Sheet" and testimony of Pilgrim's senior and
4  mid-level employees. (*Id.* at 9.) That unrebutted evidence was sufficient to find that Innovative
5  satisfied its burden with respect to the third prong of its negligent misrepresentation claim. (*Id.*)
6  The question is whether Defendant's evidence offered in opposition to summary judgment is of
7  any consequence to that determination. The Court finds that it is not. Defendant merely sets forth
8  a declaration stipulating that "*[o]ther than* Mr. Griffin's representation . . . *no other* information
9  attributable to Pilgrim's. . . made any mention of allowable bone content whatsoever." (*See* Dkt.
10 Nos. 184 at 16–17, 250 at 9–11.) (emphasis added). The ultimate question is whether a
11 reasonable jury could credit this piece of evidence as supporting Defendant's argument. But the
12 evidence proffered is unable to show, let alone create an inference, that Defendant Pilgrim's did
13 not negligently represent information to Innovative. Accordingly, Defendant's motion for
14 reconsideration is denied as to this issue.

15   Third, Defendant rightly argues the Court erred by inadvertently indicating that it was
16 granting summary judgment to Innovative on the first prong of its CPA claim. In its order, the
17 Court stated that "the first element regarding the existence of an unfair or deceptive act is an
18 issue for a trier of fact to decide." (Dkt. No. 247 at 12.) And yet, the Court indicates shortly
19 thereafter that it was granting Innovative's motion as to the first and third prongs. This was an
20 error for which the Court now issues this clarification. While the Court denied Pilgrim's' motion
21 for summary judgment as to this issue (Dkt. No. 162), it ought to have granted Innovative's
22 motion (Dkt. No. 154) <u>only</u> with respect to the third prong of its CPA claim. Meaning, the first
23 prong remains that for the finder of fact to determine.

24   For the foregoing reasons, Defendant Pilgrim's motion for reconsideration (Dkt. No. 250)
25 is GRANTED in part and DENIED in part consistent with the reasoning herein.

ORDER
CR22-0296-JCC
PAGE - 3

DATED this 29th day of February 2024

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE