THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INNOVATIVE SOLUTIONS
INTERNATIONAL, INC., a Washington
corporation,

         Plaintiff,

    v.

HOULIHAN TRADING CO., INC., a
Florida corporation; BRIGHTON GROUP,
LLC, an Arkansas limited liability company;
MARCUS TECHNOLOGIES LLC, a Texas
limited liability company; SHUMAKER
INTERNATIONAL CORP., a Tennessee
corporation; COOK INTERNATIONAL
TRADE & BROKERAGE, INC., a Florida
corporation; NORTH SOUTH FOODS
GRP., INC., a Florida corporation;
HENLEY'S WHOLESALE MEATS, INC.,
an Arkansas corporation; PILGRIM'S
PRIDE CORP., a Delaware corporation; and
DOES 1–10,

         Defendants.

Case No. 2:22-cv-00296-JCC

AMENDED PRETRIAL ORDER

[PROPOSED]

## I.    INTRODUCTION

This pretrial order is as proposed by the parties, with applicable rulings provided by the Court following stated issues and objections. The Court admonishes Pilgrim's counsel for its relentless and seemingly overzealous advocacy throughout the course of pretrial proceedings on

AMENDED PRETRIAL ORDER - 1
(2:22-cv-00296-JCC)
321036748.11

what would appear to be minor issues (or even nonissues) not worthy of this Court's time. Accordingly, the Court will consider such conduct as well as subsequent conduct in ruling on potentially applicable treble damages under RCW 19.86.090.

## II.     JURISDICTION

Jurisdiction is vested in this Court by virtue of:

The Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332(a). The amount in controversy exceeds $75,000.00. Plaintiff Innovative Solutions International, Inc. ("Innovative") is a Washington corporation with its principal place of business in the State of Washington. Defendant Houlihan Trading Co. ("Houlihan") is a Florida Corporation with its principal place of business in Ellisville, Missouri. Defendant Pilgrim's Pride Corp. ("Pilgrim's") is a Delaware corporation with its principal place of business in Greeley, Colorado.

## III.     CLAIMS AND DEFENSES

### A.     Innovative's Claims

#### 1.     Against Pilgrim's

Innovative will pursue at trial the following claims against Pilgrim's:

1.     Breach of Express Warranty;

2.     Breach of Implied Warranties of Fitness for a Particular Purpose and Merchantability;

3.     Negligent Misrepresentation for Affirmative Misstatements and Failure to Disclose;

4.     Negligence; and

5.     Violation of Washington's Consumer Protection Act, Ch. 19.86 RCW ("CPA"). The elements of some of these claims have been determined on summary judgment. (Dkt. No. 247) ("Summary Judgment Order").

**Pilgrim's Response:** Pilgrim's denies Innovative's claims.  Pilgrim's reserves the right to further petition the Court to reconsider any elements decided by the Court in its Summary

AMENDED PRETRIAL ORDER - 2
(2:22-cv-00296-JCC)
321036748.11

Judgment Order (Dkt. No. 247) once the Court has the benefit of hearing the evidence at trial to the ensure the Court has adequate opportunity to correct any error prior to this matter being submitted to the jury.

Pilgrim's objects to Innovative pursuing a claim for the Breach of Implied Warranty of Merchantability against Pilgrim's as it was not pleaded. Innovative cannot circumvent the consequences of a failure to plead a claim by adding new claims based on additional facts through the submission of a pretrial order containing them.

Pilgrim's objects to Innovative pursuing a claim for Negligent Misrepresentation based on an alleged Failure to Disclose as it was not pleaded. Innovative cannot circumvent the consequences of a failure to plead a claim by adding new claims based on additional facts through the submission of a pretrial order containing them.

**Innovative Response:** Pilgrim's was on notice of Innovative's claims as Innovative properly pleaded "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Merchantability is merely one of the bases for an implied warranty claim and failure to disclose is merely one of the bases for a negligent misrepresentation claim. Innovative's Third Amended Complaint asserts both an implied warranty claim and a negligent misrepresentation claim. Merchantability and failure to disclose turn on the same evidence as fitness for a particular purpose and affirmative misstatements, respectively. Pilgrim's will therefore suffer no prejudice. To the extent the Court believes the two bases to which Pilgrim's objects are outside the scope of the pleadings, Innovative will either move to amend the pleadings before trial pursuant to Fed. R. Civ. P. 15(a)(2) or move to amend the pleadings to conform to the evidence during trial pursuant to Fed. R. Civ. P. 15(b)(1).

**Court's Ruling:** Pilgrim's objection is OVERRULED. Innovative has sufficiently pled causes of action for breach of implied warranty and negligent misrepresentation. Furthermore, with respect to Innovative's breach of implied warranty claim, Innovative raised "merchantability" as a basis in its motion for summary judgment. (*See* Dkt. No. 153 at 29.) Pilgrim's objection with

AMENDED PRETRIAL ORDER - 3
(2:22-cv-00296-JCC)
321036748.11

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

respect to breach of implied warranty of merchantability is therefore waived. Finally, with respect to Innovative's negligent misrepresentation based on a failure to disclose claim, the Court FINDS that Pilgrim's will suffer no prejudice from its addition, particularly where it turns on the same evidence as that of affirmative misstatements. *See* Fed. R. Civ. P. 15(b)(1).

**B.**     **Houlihan's Cross Claims Against Pilgrim's**

Houlihan will pursue the following cross claims against Pilgrim's:

1.     Breach of Express Warranty;

2.     Negligent Misrepresentation;

3.     Negligence;

4.     Violation of Washington's Consumer Protection Act (Chapter 19.86 RCW); and

5.     Equitable Indemnity/ Equitable Subrogation.

Pilgrim's denies Houlihan's claims. Pilgrim's objects to Houlihan pursuing a claim for equitable subrogation as it was not pleaded, and as Innovative is still pursuing its claims against Pilgrim's, Houlihan has not fully satisfied any alleged obligation of Pilgrim's, making equitable subrogation inapplicable.   Houlihan is also not entitled to equitable indemnity or equitable subrogation as its settlement with Innovative only purports to settle its own proportionate share of the fault thereby entitling it to nothing from Pilgrim's.

Pilgrim's further objects to the application of Washington state law to Houlihan's claims. "A state must have a significant contact or significant aggregation of contacts to the claims asserted creating state interests, in order to ensure that the choice of [that state's] law is not arbitrary or unfair." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821-22 (1985) (quoting *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 312-13 (1981)) (emphasis added) (same)). Like *George Cameron, et al.*, *infra*, such contacts are lacking and the extraterritorial application of Washington's Consumer Protection Act is not permitted in this case where, like *George Cameron,* an out-of-state Plaintiff has sued an out-of-state Defendant under the CPA. *See George Cameron and Janin Camaeron, Country Mut. Ins. Co. claimants, & all others similarly situated throughout Washington State &*

AMENDED PRETRIAL ORDER - 4
(2:22-cv-00296-JCC)

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    *the United States of Am., Plaintiffs, v. Country Mut. Ins. Co., an insurance company; Country*

2    *Financial, an insurance conglomerate; Country Cas. Ins. Co., an insurance company; Country*

3    *Preferred Ins. Co., an insurance company; Country Investor Life Assurance Co., an insurance*

4    *company; & Country Life Ins. Co., an insurance company, Defendants.*, No. 1:24-CV-03075-

5    MKD, 2024 WL 4557671, at *7–8 (E.D. Wash. Oct. 23, 2024) (prohibiting the extraterritorial

6    application of Washington's CPA by out-of-state plaintiffs as to an out-of-state defendant)). This

7    interpretation also comports with the precedent of the Washington Supreme Court which has only

8    permitted claims by out-of-state plaintiffs against in-state defendants or defendants with an in-state

9    agents but has not permitted application of the CPA by an out-of-state plaintiffs to out-of-state

10   defendants. *Thornell v. Seattle Serv. Bureau*, Inc., 184 Wash.2d 793 (2015); *see also Trader Joe's*

11   *Co. v. Hallatt*, 835 F.3d 960, 977 (9th Cir. 2016) (same). For similar reasons, Houlihan's claims

12   do not satisfy the necessary elements to state a claim under the CPA, as Pilgrim's alleged conduct

13   has not occurred within "trade or commerce" as defined under the statute nor does it impact the

14   public interest as required by the statute.

15       Due to the constitutional limitations placed on the extraterritorial application of state law,

16   Washington state law also should not be applied to the remainder of Houlihan's claims. To the

17   extent a true conflict exists between Washington state law and Missouri state law, Missouri law

18   should be applied to Houlihan's remaining claims.

19       **Court's Ruling:**

20                    i. *Pilgrim's Choice of law argument*

21       The Court will continue to apply Washington law to Houlihan's crossclaims. From when

22   Houlihan first asserted its crossclaims against Pilgrim's in July 2022 until now (less than a month

23   before trial), Houlihan and Pilgrim's have both been litigating Houlihan's crossclaims under

24   Washington state law. (*See, e.g.*, Dkt. Nos. 26, 94, 162) (litigating Houlihan's crossclaims against

25   Pilgrim's without any objection to application of Washington state law). Moreover, in litigating

26   summary judgment, Pilgrim's neglected to raise any choice of law objections. (*See generally* Dkt.

AMENDED PRETRIAL ORDER - 5
(2:22-cv-00296-JCC)
321036748.11

Nos. 162, 184, 186, 192) (Pilgrim's summary judgment papers). In turn, the Court has also already

applied Washington state law to dispose of certain elements of Houlihan's crossclaims. (*See* Dkt.

No. 247 at 6–7, 10) (applying Washington state law where Houlihan joined Innovative on its

motion for summary judgment against Pilgrim's with respect to the breach of express warranty

and negligent misrepresentation claims). Now, after the summary judgment stage has already

passed, Pilgrim's is raising choice of law concerns *for the first time*. (*See* Dkt. No. 290 at 3–5.)

Pilgrim's has therefore waived this argument. *See Gilchrist v. Jim Slemons Imports, Inc.,* 803 F.2d

1488, 1497 (9th Cir. 1986) (noting that choice of law arguments are waived unless timely raised);

*see also Myer v. Ford Motor Company*, 2008 WL 11339632, slip op. at 2 (D. Ariz. 2008) (finding

waiver of choice of law argument where dispositive motion cutoff had passed, district court had

already entered ruling on motion for partial summary judgment, and party raised choice of law

issue for the first time only two months before trial was set to proceed).

Pilgrim's maintains it has not waived the choice of law argument. (*See* Dkt. No. 300 at 5–

6.) In support, it notes that the cases where the Ninth Circuit has found waiver also just so happen

to be only cases where the parties are raising the choice of law issue for the first time *on appeal*;

as such, Pilgrim's has not waived the issue because it is raising it *prior to* any appeal. (*See id*.) The

Court declines to adopt such a bright-line rule. Instead, the Court looks to how far along the parties

are in the litigation and whether present circumstances support a finding of waiver. *See, e.g., Gen.

Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1505 (9th Cir. 1995) (choice of

law argument not waived where the motion on choice of law came *before* summary judgment); *de

Mexico v. Orient Fisheries, Inc.*, 2009 WL 10669948, slip op. at 6 (C.D. Cal. 2009) (choice of law

argument not waived where it arose early in the litigation at the motion to dismiss stage); *EB

Holdings II, Inc. v. Illinois Nat'l Ins. Co.*, 108 F.4th 1211, 1219 (9th Cir. 2024) (choice of law

argument not waived where party raised the question prior to and through the summary judgment

stage). To that end, the Court concludes that Ninth Circuit case law does not preclude it from

finding waiver where the choice of law issue is raised for the first time very late in the litigation

AMENDED PRETRIAL ORDER - 6
(2:22-cv-00296-JCC)

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    and, in particular, *after* the summary judgment stage. Pilgrim's has therefore waived the choice of

2    law argument, and the Court will continue to apply Washington state law to Houlihan's

3    crossclaims.

ii. *Pilgrim's Washington law argument*

5    Courts have held that CPA claims cannot survive *unless* there is "a significant contact or

6    significant aggregation of contacts" between Washington state and the CPA claim. *Cameron v.*

7    *Country Mutual Ins. Co.*, 2024 WL 4557671, slip op. at 7 (W.D. Wash. 2024) (citing *Phillips*

8    *Petroleum Co. v. Shutts*, 472 U.S. 797, 821–22 (1985)). To that end, Washington courts will

9    typically look to the domicile of the alleged parties to determine whether significant contact exists.

10   *See id.*; *see also Thornell v. Seattle Service Bureau, Inc.*, 363 P.3d 587, 590–92 (Wash. 2015). If

11   both parties are out-of-state citizens, and the underlying transactions do *not* involve one of the

12   parties' in-state agent, then the alleged CPA claim lacks sufficient contact with Washington, and

13   the party asserting the claim fails to state a claim upon which relief can be granted. *See id.* (finding

14   that out-of-state class members failed to state a legally cognizable CPA claim where none of the

15   out-of-state class claims involved a Washington defendant or its in-state agents). Accordingly, in

16   assessing the viability of Houlihan's CPA crossclaim, the Court looks only to the domicile of and

17   conduct between Houlihan and Pilgrim's, as past Washington courts appear to do. *See id.*; *see also*

18   *Thornell*, 363 P.3d at 590–92.

19   Houlihan's CPA claim lacks *any* connection to Washington state. To be sure, Houlihan's

20   CPA claim is related to Innovative's CPA claim—that is, it arises out of a supply chain dispute

21   over a defined series of business transactions for a specific and tangible chicken Product, which

22   ultimately landed in Washington state. (*See* Dkt. No. 26 at 5; *see also* Dkt. No. 83 at 5, 8–10)

23   (explaining relationship between Innovative, Houlihan, and Pilgrim's in supply chain). The Court

24   further acknowledges that the CPA's vague construction does not appear to preclude an out-of-

25   state party's claim against an out-of-state defendant. *See* RCW 19.86.020 (merely stating that

26   "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any

AMENDED PRETRIAL ORDER - 7
(2:22-cv-00296-JCC)

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

trade or commerce are hereby declared unlawful"). Nevertheless, as noted, Washington courts routinely check as a threshold matter whether the underlying CPA claim has any "contact" with the state. And Houlihan and Pilgrim's are both out-of-state parties. None of their business transactions were conducted *in* Washington. In fact, the *only* contact between Houlihan's CPA claim and Washington state is that Houlihan ultimately sold the Product to Innovative, a Washington citizen.[1] Accordingly, the Court DISMISSES Houlihan's CPA claim. *See Omar v. Sea-Land Service, Inc.,* 813 F.2d 986, 991 (9th Cir. 1987)*; see also Wong v. Bell,* 642 F.2d 359, 361–62 (trial court may dismiss a claim *sua sponte* and without notice to the party where the party "cannot possibly win relief under the statute they have urged").

C.    **Pilgrim's Affirmative Defenses**

    1.    **Against Innovative's Claims**

Pilgrim's will pursue the following affirmative defenses against Innovative's claims:

1.    Innovative accepted the 584 Chicken pursuant to RCW 62A.2-606-607.

    **Innovative Objection:** Pilgrim's is seeking to relitigate issues this Court has already decided. The Summary Judgment Order determined that there was no basis for a jury to conclude that Innovative failed to timely notify Houlihan, the entity which sold product directly to Innovative, of its rejection of the goods. (Dkt. No. 247 at 18-20.) There are no facts that would change this determination as to Pilgrim's.

    **Pilgrim's Response:** The Court made no ruling affecting Pilgrim's affirmative defense.  Innovative contends it ordered a fresh product labeled as NAE Brst Trim, for domestic use.  It received a frozen product labeled Chicken Breast Pieces with Rib Meat and further labeled "For Export Only."  The Court's decision was based on Houlihan's failure to submit sufficient evidence as to Houlihan's affirmative

---

[1] And, to the extent there is a public policy justification for bringing a CPA claim against Pilgrim's, the Court notes that such concerns are already accounted for in Innovative's CPA claim.

AMENDED PRETRIAL ORDER - 8
(2:22-cv-00296-JCC)
321036748.11

defense, and does not foreclose Pilgrim's from presenting its own evidence in support of its own affirmative defense at trial.

**Court's Ruling:** Innovative's objection is OVERRULED. Innovative misconstrues the Court's summary judgment order (Dkt. No. 247). The Court denied summary judgment on *Houlihan's* acceptance defense and granted summary judgment to Innovative on its breach of implied warranty claim against *Houlihan*, not against Pilgrim's. (*See* Dkt. No. 247 at 18–20.) Pilgrim's may still pursue an acceptance defense.

2.    Fraud, deceit and/or misrepresentation by another party/non-party over whom Pilgrim's had no control.

3.    Innovative did not provide proper notice of breach and/or non-conforming goods to the required persons and/or entities.

**Innovative Objection:** Pilgrim's is seeking to relitigate issues this Court has already decided. The Summary Judgment Order determined that there was no basis for a jury to conclude that Innovative failed to timely notify Houlihan, the entity which sold product directly to Innovative, of its rejection of the goods. (Dkt. No. 247 at 18-20.) There are no facts that would change this determination as to Pilgrim's.

**Pilgrim's Response:** The Court made no ruling affecting Pilgrim's affirmative defense. Innovative contends it ordered a fresh product labeled as NAE Brst Trim, for domestic use. It received a frozen product labeled Chicken Breast Pieces with Rib Meat and further labeled "For Export Only." The Court's decision was based on Houlihan's failure to submit sufficient evidence as to whether or not Innovative timely notified Houlihan, and does not foreclose Pilgrim's from presenting and providing its own evidence in support of its affirmative defense at trial.

AMENDED PRETRIAL ORDER - 9
(2:22-cv-00296-JCC)

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1     **Court's Ruling:** Innovative's objection is OVERRULED. As noted, the Court's

2     summary judgment ruling on this issue applied purely to Innovative's claim against

3     Houlihan, not against Pilgrim's. (*See* Dkt. No. 247 at 20.) Pilgrim's may still pursue

4     failure to provide timely notice as a defense.

5     4.     Unclean hands.

6     5.     Mitigation of damages.

7     6.     Innovative's damages were caused by Innovative and/or other co-defendants and/or

8     non-parties over whom Pilgrim's had no control.

9     7.     Contributory and/or comparative negligence.

10    8.     Apportionment of fault.

11    **Innovative Objection:** Apportionment is legally appropriate only for claims

12    arising out of allegedly negligent conduct, and, as a matter of law, is not appropriate

13    for claims in which the alleged wrongful acts of the defendant(s) were intentional.

14    **Pilgrim's Response:** Plaintiff has presented claims arising out of negligent

15    conduct and alleged breaches of warranties and/or contracts. All of these claims

16    allow for and require apportionment of fault, particularly where the evidence will

17    show Innovative's negligence was a clear cause of its own damages and

18    Innovative's damages theory is premised on a complete failure and/or inability of

19    Innovative to mitigate its damages.

20    **Court's Ruling:** Innovative's objection is OVERRULED as it is pursing claims of

21    negligence and negligent misrepresentation.

22    9.     Innovative's claims relating to the 584 Chicken label are preempted by federal law

23    based on the USDA determining that Pilgrim's complied with all applicable federal laws,

24    regulations, and guidelines. *See* Doc. 247 at 3-5; *see also Cohen v. ConAgra Brands, Inc.*, 16 F.4th

25    1283, 1288 (9th Cir. 2021).

26

AMENDED PRETRIAL ORDER - 10
(2:22-cv-00296-JCC)

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**Innovative Objection:** Pilgrim's is seeking to relitigate issues this Court has already decided. "Preemption is 'a question of law . . . .'" *MetroPCS California, LLC v. Picker*, 970 F.3d 1106, 1117 (9th Cir. 2020) (quoting *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). The Summary Judgment Order and Order on Motions in Limine (Dkt. No. 281) ("MIL Order") made the following rulings:

a.  Instances where preemption applies: The Summary Judgment Order ruled that "express preemption is limited to the representations on the 'chicken 584' label." (Dkt. No. 247 at 4–5) Likewise, the Order stated that, in instances where the label was transmitted outside the normal manner (*e.g.*, via email), there was no preemption. (Dkt. No. 247 at 6 n.11.) Accordingly, the label contained on the package, and transmitted only on the package, does not provide the basis for a Pilgrim's representation.

b.  Instances where preemption does not apply: The Summary Judgment Order ruled that any representations other than the label simply affixed to the package (*e.g.*, product fact sheet, specification sheet, emailed label, etc.) are not preempted. (Dkt. No. 247 at 4–5.) Moreover, the MIL Order ruled that the "for export only" language on the label may be relevant to certain Pilgrim's defenses.  (Dkt. No. 281 at 5)

c.  No preemption references should be made to the jury: In the MIL Order, the Court stated it "…agrees with Innovative that any references to preemption would confuse and mislead the jury, particularly since it is a legal issue that has already been adjudicated. (*See* Dkt. No. 247 at 5.) The Court therefore GRANTS Innovative's first motion *in limine*." (Dkt. No. 281 at 2.) The Court added that "…any reference to USDA determinations as they relate to the FSIS pre-approved label would certainly (1) confuse the issues as to what is and is not allegedly misrepresented, and (2) mislead the jury as to

AMENDED PRETRIAL ORDER - 11
(2:22-cv-00296-JCC)

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1         what evidence it can and cannot consider. The Court therefore GRANTS

2         Innovative's second motion *in limine*." *Id*. at 1-2.

3    The Court's Summary Judgment Order and MIL Order have already resolved the

4    parameters of the preemption issue and there is no basis for affirmative defenses.

5    **Pilgrim's Response:** Pilgrim's reserves the right to further petition the Court to

6    reconsider any elements decided by the Court in its Summary Judgment Order (Dkt.

7    No. 250) once the Court has the benefit of hearing the evidence at trial to the ensure

8    the Court has adequate opportunity to correct any error prior to this matter being

9    submitted to the jury.  As to the MIL Order, a motion in limine is generally a

10    tentative, interlocutory, precautionary ruling reflecting the anticipatory treatment

11    of a specific evidentiary issue and are subject to reconsideration throughout the trial

12    based on the evidence submitted.

13    **Court's Ruling:** Innovative's objection is SUSTAINED. Any misrepresentation

14    claim based on the FSIS-approved label, whether transmitted via e-mail or

15    otherwise, is preempted. Moreover, to the extent the Court's summary judgment

16    ruling regarding preemption implied that an e-mailed photo of the label has "no

17    preemptive effect," the Court finds that such an implication was in clear error and

18    departs from it. *See U.S. v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) ("A court

19    may have discretion to depart from the law of the case where . . . the first decision

20    was clearly erroneous . . ."). Indeed, as the Court clearly noted elsewhere in its

21    Order, the relevant statute defines a label as a "written, printed, or graphic matter

22    upon any article . . . or accompanying such article." 21 U.S.C. § 453(s); (*see also*

23    Dkt. No. 247 at 4). In turn, a picture of the label (as affixed to the Product) that

24    Houlihan e-mailed to Innovative in the course of a business transaction, (*see* Dkt.

25    No. 247 at 6 n. 11), is no different from a physical copy of the label itself. Moreover,

26

AMENDED PRETRIAL ORDER - 12
(2:22-cv-00296-JCC)
321036748.11

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1    the e-mailed photo "accompanied" the Product. *See* 21 U.S.C. § 453(s). It is

2    therefore preempted and cannot form the basis of any misrepresentation claims.

3    10.    Innovative is precluded from pursuing a private action against Pilgrim's based upon

4    alleged violations of the Poultry Products Inspection Act ("PPIA"), because Congress has not

5    authorized a private right of action under the PPIA.

6    **Innovative Objection:** Innovative objects on the same grounds as stated in its

7    objection to Pilgrim's affirmative defense nine, and incorporates that objection

8    here. Further, Innovative disputes that it is asserting any private right of action

9    under the PPIA. (*See* Dkt. No. 247 at 3-5.)  Innovative is no longer pursuing a

10    theory of *per se* CPA liability under the PPIA.

11    **Court's Ruling:** Innovative's objection is SUSTAINED. This defense is moot as

12    Innovative is no longer pursing a private action under the PPIA.

13    11.    The United States Department of Agriculture's determination that Pilgrim's

14    properly labeled the poultry at issue serves at prima facie evidence that Pilgrim's has not breached

15    any express or implied warranty.

16    **Innovative Objection:** Innovative objects on the same grounds as stated in its

17    objection to Pilgrim's affirmative defense nine, and incorporates that objection

18    here. Further, Innovative disputes that it is asserting any private right of action

19    under the PPIA. (*See* Dkt. No. 247 at 3-5.)  Innovative is no longer pursuing a

20    theory of *per se* CPA liability under the PPIA.  Finally, the Court has ruled in its

21    MIL Order that references to the USDA's/FSIS's determinations as they relate to

22    the label are excluded.  (Dkt. No. 281 at 3-4.)

23    **Pilgrim's Response:**  Pilgrim's reserves the right to raise evidence with respect to

24    the product at issue as warranted by the evidence at trial.  A motion in limine is

25    generally a tentative, interlocutory, precautionary ruling reflecting the anticipatory

26

AMENDED PRETRIAL ORDER - 13
(2:22-cv-00296-JCC)

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

treatment of a specific evidentiary issue and are subject to reconsideration throughout the trial based on the evidence submitted.

**Court's Ruling:** Innovative's objection is SUSTAINED. As noted in the Court's advance ruling on motions *in limine*, the parties may not reference the USDA's/FSIS's determinations with respect to the label. (*See* Dkt. No. 281 at 2–4.) Such references are wholly irrelevant and may confuse the jury given the Court's preemption ruling.

12.    Innovative knew or should have known the 584 Chicken it ordered contained bones; Innovative is precluded from recovery by the doctrine of assumption of the risk.

**Innovative Objection:** Innovative objects to this affirmative defense as it is not an actual defense, but rather an element of Innovative's or other parties' claims.

**Pilgrim's Response:** The denial of a summary judgment motion is not akin to a finding that the issue is no longer in the case. Pilgrim's will present evidence as to the "export only" label as well as other evidence to support this affirmative defense. This is a question for the jury.

**Court's Ruling:** Innovative's objection is OVERRULED.

13.    Innovative lacked privity with Pilgrim's.

**Innovative Objection:** To the extent privity could be an affirmative defense, Pilgrim's is seeking to relitigate issues this Court has already decided. This Court's October 18, 2022 Order (Dkt. No. 77 at 3–4) and the Summary Judgment Order (Dkt. No. 247 at 6, 10–11) has held privity is not required for Innovative's express and implied warranty claims against Pilgrim's.

**Pilgrim's Response:** Innovative misconstrues the Court's findings. When ruling on a motion to dismiss or a motion for summary judgment, the Court must consider the standard of review. The Court's ruling on Pilgrim's Motion to Dismiss was premised on Innovative's inaccurate allegations that Pilgrim's mislabeled the 584

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Chicken, and Innovative relied on the label. The Court has now ruled that Innovative cannot claim that the label is misleading or incorrect. With respect to the summary judgment ruling, the Court merely denied both parties' motions for summary judgment, leaving the factual questions, like those needed to establish that privity is not required, for the jury. As Plaintiff claims to have relied on an outdated product fact sheet describing a different product that it received from a party other than Pilgrim's, this question is very much alive for the jury.

**Court's Ruling:** Innovative's objection is SUSTAINED. Pilgrim's may not pursue a privity defense at trial. The Court previously found that privity is generally required for Innovative's breach of warranty claims. (*See* Dkt. No. 247 at 6, 10.) However, that requirement is "relaxed" for express warranty claims, and in denying Pilgrim's motion for summary judgment, the Court found that Innovative met this "relaxed" requirement. (*See id*. at 6.) Similarly, the Court denied Pilgrim's motion for summary judgment on Innovative's implied warranty claim, thus finding that the "intended third-party beneficiaries" exception applied to Innovative in this case. (*See id*. at 10–11.) Innovative has satisfied the privity requirement for its breach of warranty claims, and Pilgrim's is precluded from making this defense.

14. Superseding cause.

Innovative denies Pilgrim's affirmative defenses.

**2.    Against Houlihan's Cross Claims**

Pilgrim's will pursue the following affirmative defenses against Houlihan's cross claims:

1.  Houlihan knew or should have known the 584 Chicken it ordered contained bones; Houlihan is precluded from recovery by the doctrine of assumption of the risk.

2.  Houlihan lacked privity with Pilgrim's.

3.  Unclean hands.

AMENDED PRETRIAL ORDER - 15
(2:22-cv-00296-JCC)
321036748.11

4.  Houlihan's damages were caused by fraud, deceit and/or misrepresentations by other parties over whom Pilgrim's had no control.

5.  Houlihan did not provide proper notice of breach and/or non-conforming goods to Pilgrim's.

6.  Houlihan accepted the 584 Chicken pursuant to RCW 62A.2-606-607.

7.  Houlihan failed to mitigate its damages.

8.  Any claim that the Pilgrim's 584 Chicken label is a misrepresentation is preempted by federal law.

9.  Contributory and/or comparative negligence;

10. Apportionment of fault. The negligence, fault, and/or responsibility, if any, of all persons or entities who contributed to Houlihan's alleged damages should be apportioned pursuant to RCW 4.22.070, and expressly include Houlihan and Innovative.

11. Superseding cause.

Houlihan denies Pilgrim's affirmative defenses and further joins in Innovative's position about what has already been decided by this Court via summary judgment.

## IV.    ADMITTED FACTS

The following facts are admitted by the parties:

### A.    **The Parties.**

1.    Innovative Solutions International, Inc. ("Innovative") is a manufacturer of value added specialty chicken, beef, and pork products. Since it was founded in 1996, Innovative has sold its products to retailers such as Safeway/Albertsons, Kroger, Costco, independent retailers, and wholesalers. Innovative sold one product, Chile Lime Chicken Burgers ("Chile Lime Burgers"), to Trader Joe's exclusively from 2007 to October 2021.

2.    Pilgrim's Pride Corporation ("Pilgrim's") is a meatpacking corporation. Pilgrim's produces, among other things, large quantities of chicken and sells such products to wholesalers,

AMENDED PRETRIAL ORDER - 16
(2:22-cv-00296-JCC)
321036748.11

distributors, retailers, and other commercial customers. One of Pilgrim's products was raw chicken with Pilgrim's product code 584 ("584 Chicken"), which is the product at issue in this case.

3.    Houlihan Trading Co., Inc. ("Houlihan") sells meat wholesale to manufacturers and retailers. After purchasing 584 Chicken at issue from various intermediary sellers, Houlihan sold 584 Chicken to Innovative, which Innovative then used in Chile Lime Burgers.

**B.    Admitted Facts.**

4.    Innovative is a producer of ready-to-cook food items, including the Chile Lime Burger formerly sold at retail by Trader Joe's.

5.    Pilgrim's is a commercial producer of chicken products, including the product known as 584 Chicken, which it produces at its Lufkin, Texas plant.

6.    Houlihan is a trader of meat products, including chicken.

7.    In the summer of 2021, Innovative asked Houlihan to source boneless chicken trimmings for its use in the production of Chile Lime Burgers.

8.    Houlihan never took physical possession of the 584 Chicken being delivered to Innovative.

9.    Houlihan represented to Innovative that 584 Chicken was a boneless and skinless product.

10.    Innovative produced Chile Lime Burgers using 584 Chicken.

11.    Six truckloads of 584 Chicken were sold by Pilgrim's, with five truckloads going to Henley's Wholesale Meats, Inc. ("Henley's"), and one to MG Trading International ("MG Trading"). The five loads that went to Henley's then went to North South Food Groups, Inc., and then to Cook International Trade & Brokerage, Inc. ("Cook") (via its agent, Shumaker International Corporation ("Shumaker")). The load that went to MG Trading went to Cook (via Shumaker). Then, Cook sold four of the six loads to Houlihan, and the other two loads to Marcus Technologies LLC, which sold them to Brighton Group, LLC, which sold them to Houlihan.

AMENDED PRETRIAL ORDER - 17
(2:22-cv-00296-JCC)

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

12.     Pilgrim's sale of 584 Chicken, whether conforming or not, occurred in the conduct of Pilgrim's trade or commerce.

13.     Innovative sold the Chile Lime Burgers to Trader Joe's, which then sold the Chile Lime Burgers to its customers.

14.     In late-September/October 2021, Innovative learned that its customer, Trader Joe's, was receiving an unusual volume of customer complaints about bone fragments in Chile Lime Burgers.

15.     A subsequent X-ray inspection at FlexXray revealed bone fragments in each of the 297 cases of Chile Lime Burgers X-rayed.

16.     As a direct result of the November 2021 recall, Innovative sustained hard cost expenses of at least $896,111.00.

## V.     ISSUES OF LAW

### A.     <u>Motions in Limine</u>

The parties note that the Court's resolution of the remaining motions in limine (Dkt. No. 256) that it has not already decided (Order, Dkt No. 281) will likely resolve certain of the parties' disputes regarding exhibits, deposition designations, jury instructions, and verdict forms.

### B.     <u>Innovative's List of Legal Issues Decided</u>

Innovative contends the following legal issues were resolved in the Summary Judgment Order:

**1.     Innovative's and Houlihan's negligent misrepresentation claims against Pilgrim's (Dkt. No. 247 at 7–10):**

Element 2: Pilgrim's knew or should have known the information was supplied to guide Innovative and Houlihan.

Element 3: Pilgrim's negligently communicated information to Innovative and Houlihan.

Element 4: Innovative relied on such information.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**Pilgrim's Objections:** Pilgrim's objects to Houlihan's mischaracterization of the Court's summary judgment order. The Court made no findings with respect to Houlihan's claims and Houlihan bears the burden of proof to establish each element of its claims at trial.

**Court's Ruling:** As the Court noted multiple times in its summary judgment order (Dkt. No. 247), Houlihan joined Innovative in its motion for summary judgment as to the negligent misrepresentation claim. The Order further explicitly states that its summary judgment analysis "applies with equal force to Houlihan's motion." (Dkt. No. 247 at 10.) Houlihan therefore does not bear the burden of proof for elements 2, 3, and 4 of its negligent misrepresentation claim.

### 2. Innovative's and Houlihan's CPA claim against Pilgrim's (Dkt. No. 247 at 11–12; Dkt. No. 253, at 3):

Element 3: Pilgrim's sale of 584 Chicken affected the public interest.[2]

**Pilgrim's Objections**: Pilgrim's objects to Houlihan's mischaracterization of the Court's summary judgment order. The Court made no findings with respect to Houlihan's claims and Houlihan bears the burden of proof to establish each element of its claims at trial.

**Court's Ruling:** Pilgrim's objection is SUSTAINED. The Court DISMISSES Houlihan's CPA claim.

### 3. Preemption:

Preemption is determined as a matter of law. *MetroPCS California, LLC v. Picker*, 970 F.3d 1106, 1117 (9th Cir. 2020). The Summary Judgment Order and MIL Order made the following rulings:

a. <u>Instances where preemption applies</u>: The Summary Judgment Order ruled that "express preemption is limited to the representations on the 'chicken 584' label." (Dkt. No. 247 at 4–5.) Likewise, the Order stated that, in instances where the label was transmitted outside the normal manner (*e.g.*, via email), there was no preemption. (Dkt. No. 247 at 6 n.11.) Accordingly,

---

[2] Pilgrim's contends this issue has not yet been determined as to Houlihan.

AMENDED PRETRIAL ORDER - 19
(2:22-cv-00296-JCC)

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

the label contained on the package, and transmitted only on the package, may not provide the basis for a Pilgrim's representation.

b.    <u>Instances where preemption does not apply</u>: The Summary Judgment Order ruled that any representations other than the label simply affixed to the package (*e.g.*, product fact sheet, specification sheet, emailed label, etc.) are not preempted. (Dkt. No. 247 at 4–5).  Moreover, the MIL Order ruled that the "for export only" language on the label may be relevant to certain Pilgrim's defenses.  (Dkt. No. 281 at 5.)

c.    <u>No preemption references should be made to the jury</u>: In the MIL Order, the Court stated it "…agrees with Innovative that any references to preemption would confuse and mislead the jury, particularly since it is a legal issue that has already been adjudicated. (*See* Dkt. No. 247 at 5) The Court therefore GRANTS Innovative's first motion *in limine*." (Dkt. No. 281 at 2.)  The Court added that "…any reference to USDA determinations as they relate to the FSIS pre-approved label would certainly (1) confuse the issues as to what is and is not allegedly misrepresented, and (2) mislead the jury as to what evidence it can and cannot consider. The Court therefore GRANTS Innovative's second motion *in limine*." *Id*. at 1-2.

**Pilgrim's Objection:** Pilgrim's objects to Innovative's mischaracterization of the Court's summary judgment and MIL Order rulings.  For example, in its summary judgment order, the Court did not rule the contents of Pilgrim's label may not provide the basis for a Pilgrim's <u>representation</u>.  Such a reading is nonsensical.  The Court concluded that any misrepresentation claim based on an FSIS-approved label (here, the "584 Chicken" label) imposes an additional or different requirement and is therefore preempted. Dkt. No. 247 at 5.  In other words, Innovative cannot claim that the approved 584 Chicken label affixed to the boxes by Pilgrim's constitutes a <u>misrepresentation</u>. Moreover, a motion in limine is generally a tentative, interlocutory, precautionary ruling reflecting the anticipatory treatment of a specific evidentiary issue and are subject to reconsideration throughout the trial based on the evidence submitted.  Pilgrim's reserves

AMENDED PRETRIAL ORDER - 20
(2:22-cv-00296-JCC)
321036748.11

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

the right to raise the issue of the FSIS pre-approved label and USDA determinations surrounding the product and label, if warranted based on the evidence adduced at trial.

**Court's Ruling:** Pilgrim's objection is OVERRULED. See the Court's ruling at pages 12–13 of this Order.

## C.    Innovative's and Houlihan's Issues of Law

Innovative and Houlihan agree the following are the issues of law that remain to be determined and are appropriate for consideration by the Court:

### 1.    Innovative's Issue of Law #1: Joint and Several Liability.

Under Washington law, "full joint and several liability remains the rule in cases involving . . . unmarked fungible goods." *Avco Corp. v. Crews*, 76 F. Supp. 3d 1161, 1165 (W.D. Wash. 2015). Fungible goods are "[g]oods that are interchangeable with one another; goods that, by nature or trade usage, are the equivalent of any other like unit, such as coffee or grain." Goods, Black's Law Dictionary (11th ed. 2019) (citing UCC § 2-105(2)). Innovative requests the Court determine that bulk wholesale chicken breast meat, as purchased here, is a fungible good, and therefore joint and several liability applies as to Pilgrim's and Houlihan.

**Pilgrim's Objection:** Pilgrim's objects that the "issue of law" asserted by Innovative in this paragraph is not properly phrased as an "issue" to be resolved by the Court, but instead, consists of self-serving, one-sided argument, favorable only to Innovative. This "issue" should not be submitted. Pilgrim's contends the 584 Chicken is not an unmarked fungible good. Indeed, it was properly labeled by Pilgrim's, and Houlihan's liability is derived from Houlihan misrepresenting the nature of the product and breaching its own contract with Innovative, a factual scenario where joint and several liability is wholly inappropriate.

**Houlihan's Objection**:  Houlihan objects to the assertion that fault can only be allocated to Pilgrim's and Houlihan as Innovative is not a fault free party. Houlihan further disagrees that the at issue chicken breast meat is an "unmarked" fungible good. Innovative provides the definition of fungible goods as stated in Black's Law Dictionary, but this definition

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

clearly identifies fungible goods as "interchangeable with one another" and goods that are "the equivalent of any other like unit, such as coffee or grain." This definition does not apply to the at issue chicken breast meat. The at issue chicken product is indisputably Pilgrim's 584 chicken breast pieces with rib meat. This meat was branded as a Pilgrim's product and, therefore, is a "marked" good and distinguishable from other chicken breast.

**Court's Ruling**: The Court FINDS that the 584 Chicken is not an unmarked fungible good and DECLINES to apply joint and several liability in this case. "In 1986, Washington's legislature abolished joint and several liability in most circumstances in favor of proportionate liability." *Avco Corp. v. Crews*, 76 F. Supp. 3d 1161, 1165 (W.D. Wash. 2015). Accordingly, Washington law requires all liability to be apportioned *unless* one of several exceptions applies. *Id.*; see also RCW 4.22.070 (listing exceptions). None of the exceptions apply here. With respect to the "unmarked fungible goods" exception, RCW 4.22.070(3)(c) explains that proportionate liability does not apply in cases arising out of "a fungible product in a generic form which contains no clearly identifiable shape, color, or marking." By this definition, the Product at issue is *not* an "unmarked" good—to the contrary, it is indisputably a Pilgrim's product clearly identified as "584 Chicken." The other exceptions do not apply because (1) Pilgrim's and Houlihan were not acting in concert, *see* RCW 4.22.070(1)(a); and (2) judgment cannot be entered against two or more defendants because all of the defendants have since settled with Plaintiff, except for Pilgrim's, *see* RCW 4.22.070(1)(b).

**2.    _Innovative's Issue of Law #2: Treble Damages._** Under the CPA, this Court has discretion to award treble damages. RCW 19.86.090. This includes circumstances where the defendant has committed unfair or deceptive acts or has violated a law impacting the public interest, such as the PPIA. *See* 21 U.S.C. § 451 ("It is essential in the public interest that the health and welfare of consumers be protected by assuring that poultry products distributed to them are wholesome, not adulterated, and properly marked, labeled, and packaged."). To the extent the

AMENDED PRETRIAL ORDER - 22
(2:22-cv-00296-JCC)

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  Court determines this is an issue of law (rather than an issue for the jury), Innovative requests the

2  Court award it treble damages for its CPA claim against Pilgrim's. Likewise, this Court will need

3  to consider how many CPA violations Pilgrim's committed for the purposes of determining any

4  applicable damage cap.

5  **Pilgrim's Objection:** Pilgrim's objects that the "issue of law" asserted by Innovative in

6  this paragraph is not properly phrased as an "issue" to be resolved by the Court, but instead,

7  consists of self-serving, one-sided argument, favorable only to Innovative. This "issue"

8  should not be submitted.  Pilgrim's further objects to any argument that more than one

9  "act" would be applicable in the event treble damages are found to apply, and any increased

10  damage amount shall not exceed twenty-five thousand dollars pursuant to RCW 19.86.090.

11  **Houlihan's Objection:**  While Houlihan agrees that the CPA carries the possibility of

12  treble damages under circumstances such as this, Houlihan contends that the issue of treble

13  damages under the CPA is directed to the jury under the Seventh Amendment of the United

14  States Constitution and Fed. R. Civ. P. 38(a).

15  **Court's Ruling:** The Court DEFERS ruling until after trial. However, the Court notes that

16  per RCW 19.86.090, treble damages are within the Court's discretion (and not the jury's).

17  **3.    Innovative's Issue of Law #3: Attorney Fees to Innovative.** While a jury will

18  determine if Pilgrim's violated the remaining elements of the CPA, the Court determines, in its

19  discretion, whether to award attorney fees and costs and the amount of such award. *See, e.g.*, *Univ.*

20  *of Washington v. Gov't Employees Ins. Co*., 200 Wn. App. 455, 465, 482-83, 404 P.3d 559 (2017)

21  (jury finding CPA violation and trial court awarding attorney fees post-trial). Pursuant to RCW

22  19.86.090, Innovative requests the Court determine Innovative is entitled to recover its attorney

23  fees and costs in this action from Pilgrim's due to Pilgrim's unfair or deceptive acts under the

24  CPA. The Court should also determine the amount of such award following trial.

25  **Houlihan's response:** Houlihan similarly requests that the Court award Houlihan its

26  reasonable attorneys' fees and costs in an amount to be determined post-trial.

AMENDED PRETRIAL ORDER - 23
(2:22-cv-00296-JCC)

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**Pilgrim's Objection:** Pilgrim's objects to the extent this issues statement claims that RCW 19.86.090 allows for anything beyond reasonable attorney fees. Houlihan has no viable claim for fees under the CPA.

**Court's Ruling:** The Court DEFERS ruling until after trial.

### 4. Houlihan's Issue of Law #1: Equitable Indemnity/Equitable Subrogation.

Innovative and Houlihan have entered into a settlement agreement by which all of Innovative's claims will be dismissed, in exchange for money paid by Houlihan's insurer, subject to this Court's confirmation of reasonableness pursuant to RCW 4.22.060. Houlihan contends that the potential settlement is reasonable under the circumstances and necessarily includes, in whole or in part, payment of Pilgrim's anticipated obligation for the purpose of protecting Houlihan's and its insurer's own rights and interests.

In Washington, a party may recover consequential damages, including attorney fees, under a theory of equitable indemnity. *Jakobsen v. Burros*, 2020 WL 1528473, slip op. at 2 (W.D. Wash. 2020) (citing *Blueberry Place Homeowners Ass'n v. Northward Homes, Inc.*, 110 P.3d 1145, 1149–50 (Wash. 2005). To recover under this theory, three elements must be present: "(1) a wrongful act or omission by A toward B; (2) such act or omission exposes or involves B in litigation with C; and (3) C was not connected with the initial transaction or event, [namely], the wrongful act or omission of A toward B." *Manning v. Loidhamer*, 538 P.2d 136, 138 (Wash. Ct. App. 1975). Houlihan is seeking equitable indemnity against Pilgrim's because, but for Pilgrim's sale of nonconforming 584 chicken, Houlihan would not have been exposed to this litigation with Innovative.

Similarly, in Washington, "those who pay the obligation of another for the purpose of protecting their own rights or interests" may be entitled to equitable subrogation. *In re Farmers' & Merchants' State Bank of Nooksack*, 26 P.2d 631, 633–34 (Wash. 1933). Courts will require the party who should pay a debt to ultimately pay it, based on the circumstances of each case and the demands for justice and an equitable result. *Tri-City Const. Council, Inc. v. Westfall*, 112 P.3d 558

AMENDED PRETRIAL ORDER - 24
(2:22-cv-00296-JCC)
321036748.11

(Wash. Ct. App. 2005) (internal citations omitted). "The doctrine as now applied is broad enough to include every instance in which one person, not acting voluntarily, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter." *Id*. Houlihan is seeking equitable subrogation of its payment to Innovative which should have been borne by Pilgrim's because, but for Pilgrim's sale of nonconforming 584 chicken, Houlihan would not have been exposed to this litigation with Innovative, would not have been found to have breached its contract with Innovative by providing nonconforming goods, and would not have been compelled to pay to Innovative the limits of its insurance policy to protect itself from further exposure at trial.

Houlihan anticipates bringing a post-trial motion to present its claim for equitable indemnity and equitable subrogation.

**Pilgrim's Objection:  Houlihan and Innovative have not produced the settlement agreement pertaining to their claims or disclosed the terms of the agreement.  Accordingly, Pilgrim's reserves all objections to this issue of law.**  Pilgrim's further objects to Houlihan pursuing a claim for equitable subrogation as it was not pleaded.  As Innovative is still pursuing its claims against Pilgrim's, Houlihan has not fully satisfied any alleged obligation of Pilgrim's, making equitable subrogation inapplicable.  Houlihan is also not entitled to equitable indemnity or equitable subrogation as its settlement with Innovative only purports to settle its own proportionate share of the fault thereby entitling Houlihan to nothing from Pilgrim's.

**Pilgrim's Objection:** Pilgrim's objects that the "issue of law" asserted by Houlihan in this paragraph is not properly phrased as an "issue" to be resolved by the Court, but instead, consists of self-serving, one-sided assertions by Houlihan. This "issue" should not be submitted. This is one of the claims Houlihan's intends to pursue at trial, not an issue of law. Pilgrim's incorporates its objections and reservations raised in response to Houlihan's Issue of Law #1.

**Court's Ruling:** The Court DEFERS ruling until after trial.

AMENDED PRETRIAL ORDER - 25
(2:22-cv-00296-JCC)

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**D.    Pilgrim's Issues of Law.**

Pilgrim's submits the following issues of law to be determined by the Court.

1.    Does the United States Department of Agriculture's determination that Pilgrim's properly labeled the poultry at issue preempt Plaintiff's and Houlihan's state law claims?

**Innovative Objection:** To the extent any of these are valid legal issues, Pilgrim's is seeking to relitigate issues this Court has already decided. The Summary Judgment Order and MIL Order made the following rulings:

a.    <u>Instances where preemption applies</u>: The Summary Judgment Order ruled that "express preemption is limited to the representations on the 'chicken 584' label." (Dkt. No. 247 at 4–5) Likewise, the Order stated that, in instances where the label was transmitted outside the normal manner (*e.g.*, via email), there was no preemption. (Dkt. No. 247 at 6 n.11) Accordingly, the label contained on the package, and transmitted only on the package, may not provide the basis for a Pilgrim's representation.

b.    <u>Instances where preemption does not apply</u>: The Summary Judgment Order ruled that any representations other than the label simply affixed to the package (*e.g.*, product fact sheet, specification sheet, emailed label, etc.) are not preempted. (Dkt. No. 247 at 4–5.) Moreover, the MIL Order ruled that the "for export only" language on the label may be relevant to certain Pilgrim's defenses.  (Dkt. No. 281 at 5.)

c.    <u>No preemption references should be made to the jury</u>: In the MIL Order, the Court stated it "…agrees with Innovative that any references to preemption would confuse and mislead the jury, particularly since it is a legal issue that has already been adjudicated. (*See* Dkt. No. 247 at 5.) The Court therefore GRANTS Innovative's first motion *in limine*." (Dkt. No. 281 at 2)  The Court added that "…any reference to USDA determinations as they relate

AMENDED PRETRIAL ORDER - 26
(2:22-cv-00296-JCC)
321036748.11

1   to the FSIS pre-approved label would certainly (1) confuse the issues as to

2   what is and is not allegedly misrepresented, and (2) mislead the jury as to

3   what evidence it can and cannot consider. The Court therefore GRANTS

4   Innovative's second motion *in limine*." *Id*. at 1-2.

5   The Court's Summary Judgment Order and MIL Order have already resolved the

6   parameters of the preemption issue.

7   **Houlihan's Objection:**  Houlihan joins in Innovative's objections and further

8   objects to Pilgrim's factual assertion that the USDA affirmatively determined that

9   the Pilgrim's 584 chicken was properly labeled.  There is no indication the USDA

10  ever inspected the product or determined that the goods inside the carton conformed

11  to the label; rather, a USDA official simply stated that "breast pieces" did not carry

12  an indication of being a boneless product, even though other USDA officials

13  reached the opposite conclusion.

14  **Court's Ruling:** Innovative's objection is SUSTAINED. See the Court's ruling at

15  pages 12–13 of this order.

16  2.    Is Plaintiff permitted to assert a private action against Pilgrim's based upon alleged

17  violations of the PPIA, when Congress did not expressly provide for a private right of action under

18  the PPIA?

19  **Innovative Objection:** Innovative objects on the same grounds as stated in its

20  objection to Pilgrim's legal issue one, and incorporates that objection here.

21  Innovative disputes that it is asserting any private right of action under the PPIA.

22  (*See* Dkt. No. 247 at 3-5.)  Further, Innovative is no longer pursuing a theory of *per*

23  *se* CPA liability under the PPIA.

24  **Court's Ruling:** Innovative's objection is SUSTAINED. See the Court's ruling at

25  pages 12–14 of this order.

26

AMENDED PRETRIAL ORDER - 27
(2:22-cv-00296-JCC)

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

3.      Where the USDA has already approved the product label and investigated a complaint by Innovative and found no wrongdoing, can a plaintiff then allege violations of the PPIA (a federal law) as the basis for Plaintiff's allegation that Pilgrim's has violated Washington state law?

> **Innovative Objection:** Innovative objects on the same grounds as stated in its objection to Pilgrim's legal issue one, and incorporates that objection here. Innovative disputes that it is asserting any private right of action under the PPIA. (*See* Dkt. No. 247 at 3-5.)  Further, Innovative is no longer pursuing a theory of *per se* CPA liability under the PPIA.  Finally, the Court has ruled in its MIL Order that references to the USDA's/FSIS's determinations as they relate to the label are excluded.  (Dkt. No. 281 at 3-4.)

> **Court's Ruling:** Innovative's objection is SUSTAINED. See the Court's rulings at pages 12–14 of this order.

4.      Does the United States Department of Agriculture's determination that Pilgrim's properly labeled the poultry at issue in this case serve as prima facie evidence that Pilgrim's has not violated the state of Washington's Consumer Protection Act?

> **Innovative Objection:** Innovative objects on the same grounds as stated in its objection to Pilgrim's legal issue one, and incorporates that objection here. Innovative disputes that it is asserting any private right of action under the PPIA. (*See* Dkt. No. 247 at 3-5.)  Further, Innovative is no longer pursuing a theory of *per se* CPA liability under the PPIA.  Finally, the Court has ruled in its MIL Order that references to the USDA's/FSIS's determinations as they relate to the label are excluded.  (Dkt. No. 281 at 3-4.)

> **Houlihan's Objection:** Houlihan objects on the same grounds as stated in its objection to Pilgrim's legal issue one, and incorporates that objection here.

AMENDED PRETRIAL ORDER - 28
(2:22-cv-00296-JCC)
321036748.11

1    **Court's Ruling:** Innovative's objection is SUSTAINED. See the Court's ruling at

2    pages 12–14 of this order.

3    5.    Does Pilgrim's lack of privity with Innovative bar recovery on any of Innovative's

4    outstanding claims?

5    **Innovative Objection:** Pilgrim's is seeking to relitigate issues this Court has

6    already decided. This Court's October 18, 2022 Order (Dkt. No. 77 at 3-4) and

7    Summary Judgment Order (Dkt. No. 247 at 6, 10-11) has held privity is not required

8    for Innovative's express and implied warranty claims against Pilgrim's.

9    **Court's Ruling:** Innovative's objection is SUSTAINED. See the Court's ruling at

10    pages 14–15 of this order.

11    6.    Can Plaintiff proceed on all claims or do any inconsistent theories of liability need

12    to be dismissed or abandoned?

13    **Innovative Objection:** This "legal issue," as presented, is vague, ambiguous, and

14    it is unclear what the exact legal issue Pilgrim's is seeking to determine. Pilgrim's

15    fails to identify any authority, how Innovative's claims are inconsistent, or what

16    claims might need to be dismissed.

17    **Court's Ruling:** Innovative's objection is SUSTAINED. Pilgrim's "issue of law"

18    entirely misses the mark. Federal Rule of Civil Procedure 8(d)(3) allows a party to

19    "state as many separate claims or defenses as it has, regardless of consistency."

20    7.    Can Houlihan's, a nonresident plaintiff, pursue a CPA claim against a nonresident

21    defendant based on conduct not occurring in Washington, or would such an application be outside

22    the scope of the CPA and/or unconstitutional?

23    8.    Does Washington law apply to Houlihan's consumer protection claim when none

24    of the conduct alleged occurred in Washington or does Missouri law apply to Houlihan's consumer

25    protection claim?

26

AMENDED PRETRIAL ORDER - 29
(2:22-cv-00296-JCC)
321036748.11

**Court's Ruling**: As discussed on pages 7–8 of this Order, the Court DISMISSED Houlihan's CPA claim. As such, Pilgrim's issue of law numbers 7 and 8 are moot.

9.    Can Houlihan pursue its claims against Pilgrim's when its only alleged damages are moneys paid in settlement to Innovative to satisfy its proportionate share of the fault?

## VI.    EXPERT WITNESSES

**A.    Damages**

(a)    Innovative and Pilgrim's shall be limited to one expert witness on the issues of damages.

(b)    The names of the expert witnesses to be used by each party on this issue are:

(1)    On behalf of Innovative: Steven Kessler;

(2)    On behalf of defendant Pilgrim's: Neil Beaton;

**B.    Food Safety**

(a)    Innovative and Pilgrim's shall be limited to one expert witness on the issues of food safety.

(b)    The names of the expert witnesses to be used by each party on this issue are:

(1)    On behalf of Innovative: Armia Tawadrous;

(2)    On behalf of defendant Pilgrim's: Richard Atkinson;

**Pilgrim's Response:** Pilgrim's reserves the right to subpoena expert witnesses previously disclosed by Houlihan.

**Innovative and Houlihan Objection:** Innovative and Houlihan object to Pilgrim's reservation of rights to subpoena expert witnesses previously disclosed by Houlihan. Such experts are non-testifying experts, and Innovative and Houlihan will move to quash any trial subpoena directed towards them.

**Court's Ruling:** Innovative and Houlihan's objection is SUSTAINED under Federal Rule of Civil Procedure 26(b)(4)(D).

AMENDED PRETRIAL ORDER - 30
(2:22-cv-00296-JCC)
321036748.11

# VII.    OTHER WITNESSES

**A.    Innovative's Witnesses**

**1.    By Live Testimony**

Innovative expects to call the following individuals as witnesses (in an order Innovative's counsel will determine at trial) to elicit live testimony at trial:

1.    Frank Sorba (will testify)

Mr. Sorba is the founder and president of Innovative. Mr. Sorba will testify about Chile Lime Burgers, the purchase and use of 584 Chicken in Chile Lime Burgers, Innovative's relationship with Trader Joe's, the recall of the Chile Lime Burgers, the damages Innovative suffered due to Pilgrim's and Houlihan's sale of 584 Chicken that contained excessive bones, and other matters relevant to Innovative's claims.

2.    Alyson Brady (will testify)

Ms. Brady is Innovative's Vice President of Operations. Ms. Brady will testify about Chile Lime Burgers, the purchase and use of 584 Chicken in Chile Lime Burgers, Innovative's relationship with Trader Joe's, the recall of the Chile Lime Burgers, the damages Innovative suffered due to Pilgrim's and Houlihan's sale of 584 Chicken that contained excessive bones, and other matters relevant to Innovative's claims.

3.    Armia Tawadrous (will testify)

Dr. Tawadrous is Innovative's food safety expert. He will testify about Innovative's food handling practices and Innovative's use of 584 Chicken in Chile Lime Burgers. He will also testify about Pilgrim's Hazard Analysis and Critical Controls Point system, Pilgrim's and Houlihan's practices in processing and selling meat products, including 584 Chicken, to customers, and other matters relevant to Innovative's claims.

4.    Steven Kessler, CPA (will testify)

Mr. Kessler is Innovative's damages expert. Mr. Kessler will testify about the damages Innovative suffered due to Pilgrim's and Houlihan's sale of 584 Chicken with excessive bones,

AMENDED PRETRIAL ORDER - 31
(2:22-cv-00296-JCC)
321036748.11

1   including recall costs, lost profits, other damages proximately caused by Pilgrim's and Houlihan's

2   actions, and other matters relevant to Innovative's claims.

3       5.      Alice Craft-McLaughlin (will testify)

4       Ms. Craft-McLaughlin is Pilgrim's Vice President of Food Safety and Quality Assurance.

5   Ms. Craft-McLaughlin will testify about Pilgrim's food safety and quality assurance practices,

6   Pilgrim's marketing of 584 Chicken to customers, Pilgrim's receipt of complaints from customers

7   regarding 584 Chicken, Pilgrim's business practices with respect to 584 Chicken, whether the 584

8   Chicken at issue in this case conformed to Pilgrim's standards for the product, and other matters

9   relevant to Innovative's claims.

10      6.      Santiago Tinoco (will testify)

11      Mr. Tinoco is a sales manager for Pilgrim's. Mr. Tinoco  will testify about Pilgrim's food

12  safety and quality assurance practices, Pilgrim's marketing of 584 Chicken to customers, Pilgrim's

13  business practices with respect to 584 Chicken, Pilgrim's receipt of complaints from customers

14  regarding 584 Chicken, whether the 584 Chicken at issue in this case conformed to Pilgrim's

15  standards for the product, and other matters relevant to Innovative's claims.

16      7.      Alana Wright (will testify)

17      Ms. Wright is a Pilgrim's Food Safety and Quality Assurance manager for Pilgrim's

18  Lufkin, Texas plant. Innovative may offer her deposition testimony concerning Pilgrim's

19  processing, packaging, marketing, and sale of chicken, including the 584 Chicken processed at

20  Pilgrim's Lufkin, Texas plant, and other matters relevant to Innovative's claims.

21      8.      Tanner Lipsey (will testify)

22      Mr. Lipsey is a sales manager for Pilgrim's. He will testify about Pilgrim's food safety and

23  quality assurance practices, Pilgrim's marketing of 584 Chicken to customers, Pilgrim's receipt of

24  complaints from customers regarding 584 Chicken, Pilgrim's business practices with respect to

25  584 Chicken, whether the 584 Chicken at issue in this case conformed to Pilgrim's standards for

26  the product, and other matters relevant to Innovative's claims.

AMENDED PRETRIAL ORDER - 32
(2:22-cv-00296-JCC)
321036748.11

9.    Travis Griffin (will testify)

Mr. Griffin is Houlihan's vice president. He will testify about Houlihan's marketing and sale of 584 Chicken, Houlihan's and Innovative's business relationship, Houlihan's purchase of 584 Chicken, Pilgrim's representations regarding 584 Chicken, and other matters relevant to Innovative's claims.

10.    Dana Reynolds (may testify)

Ms. Reynolds is Innovative's office manager. She may testify about documents in Innovative's possession and costs related to 584 Chicken, Chile Lime Burgers, the recall of the Chile Lime Burgers, and other matters relevant to Innovative's claims.

**B.    By Deposition Designation**

Innovative will or may present the following witnesses via deposition video or deposition transcript. Innovative will present the associated exhibits electronically.

11.    Pilgrim's Witnesses Changed to Live Testimony: Pilgrim's has agreed to produce Alice Craft-McLaughlin, Santiago Tinoco, Alana Wright, and Tanner Lipsey at trial. Their transcripts may be used in accordance with Federal Rule of Civil Procedure 32(a).

12.    Michael Henry (may testify)

Mr. Henry is a regional sales manager for Pilgrim's. He will testify about Pilgrim's food safety and quality assurance practices, Pilgrim's marketing of 584 Chicken to customers, Pilgrim's receipt of complaints from customers regarding 584 Chicken, Pilgrim's business practices with respect to 584 Chicken, whether the 584 Chicken at issue in this case conformed to Pilgrim's standards for the product, and other matters relevant to Innovative's claims.

13.    Dolan Patterson (may testify)

Mr. Patterson managed national account sales and industrial sales for Pilgrim's. He will testify about Pilgrim's food safety and quality assurance practices, Pilgrim's marketing of 584 Chicken to customers, Pilgrim's receipt of complaints from customers regarding 584 Chicken, Pilgrim's business practices with respect to 584 Chicken, whether the 584 Chicken at issue in this

AMENDED PRETRIAL ORDER - 33
(2:22-cv-00296-JCC)
321036748.11

case conformed to Pilgrim's standards for the product, and other matters relevant to Innovative's claims.

14.    Jason Larson (will testify)

Mr. Larson was deposed as the Fed. R. Civ. P. 30(b)(6) designated speaking representative for Trader Joe's. Innovative will present his deposition testimony regarding Trader Joe's relationship with Innovative, its sale of Chile Lime Burgers, its recall of Chile Lime Burgers, its decision to no longer sell Chile Lime Burgers, its decision to terminate its relationship with Innovative, and other matters relevant to Innovative's claims.

15.    Bryan Griggs (may testify)

Mr. Griggs was deposed as the Fed. R. Civ. P. 30(b)(6) designated speaking representative for Brighton Group, LLC ("Brighton"), an intermediate seller within the supply chain for the 584 Chicken at issue. Innovative may present his deposition testimony regarding Brighton's purchase and sale of the 584 Chicken at issue, representations and contents of 584 Chicken, and other matters relevant to Innovative's claims.

16.    Dan Cook (may testify)

Mr. Cook was deposed as the Fed. R. Civ. P. 30(b)(6) designated speaking representative for Cook International Trade Brokerage Inc. ("Cook"), an intermediate seller within the supply chain for the 584 Chicken at issue. Innovative may present his deposition testimony regarding Cook's purchase and sale of the 584 Chicken at issue, representations and contents of 584 Chicken, and other matters relevant to Innovative's claims.

17.    Cara Huntsman (may testify)

Ms. Huntsman was deposed as the Fed. R. Civ. P. 30(b)(6) designated speaking representative for Henley's Wholesale Meats, Inc. ("Henley's"), an intermediate seller within the supply chain for the 584 Chicken at issue. Innovative may present her deposition testimony regarding Henley's purchase and sale of the 584 Chicken at issue, representations and contents of 584 Chicken, and other matters relevant to Innovative's claims.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

18.     Billy Marcus (may testify)

Mr. Marcus was deposed as the Fed. R. Civ. P. 30(b)(6) designated speaking representative for Marcus Technologies LLC ("Marcus"), an intermediate seller within the supply chain for the 584 Chicken at issue. Innovative may present his deposition testimony regarding Marcus's purchase and sale of the 584 Chicken at issue, representations and contents of 584 Chicken, and other matters relevant to Innovative's claims.

19.     Jacob Shumaker (may testify)

Mr. Shumaker was deposed as the Fed. R. Civ. P. 30(b)(6) designated speaking representative for Shumaker International Corp. ("Shumaker"), an intermediate seller within the supply chain for the 584 Chicken at issue. Innovative may present his deposition testimony regarding Shumaker's purchase and sale of the 584 Chicken at issue, representations and contents of 584 Chicken, and other matters relevant to Innovative's claims.

**B.     Houlihan's Witnesses**

In addition to Innovative's listed witnesses, Houlihan may call:

1.     Rory Casey (may testify)

Mr. Casey is an employee of Houlihan Trading Co., Inc., and may be called to testify regarding documents in Houlihan's possess and facts and circumstances related to Houlihan's purchase of the 584 chicken from Cook International Trade & Brokerage and Brighton Group.

**C.     Pilgrim's Witnesses**

In addition to Innovative's listed witnesses, and designated testimony for witnesses not appearing live, Pilgrim's expects to call the following witnesses to testify at trial.

1.     Kendra Waldbusser (will testify)

Ms. Waldbusser serves as Head of Global Food Safety & Quality Assurance at Pilgrim's. Ms. Wald will testify about Pilgrim's 584 Chicken, Pilgrim's manufacturing processes, Pilgrim's 584 Chicken labeling, and certain quality assurance practices and other matters relevant to Innovative's claims and Pilgrim's affirmative defenses.

AMENDED PRETRIAL ORDER - 35
(2:22-cv-00296-JCC)
321036748.11

2.      Alice-Craft McLaughlin (will testify)

Ms. Craft McLaughlin is Pilgrim's Vice President of Food Safety and Quality Assurance. Ms. Craft McLaughlin will testify as to matters contained in her deposition, Pilgrim's food safety and quality assurance practices, Pilgrim's manufacturing and other matters related to 584 Chicken that relate to Innovative's claims and Pilgrim's affirmative defenses.

3.      Alana Wright (will testify)

Ms. Wright is a Pilgrim's Food Safety and Quality Assurance manager for Pilgrim's Lufkin, Texas plant. Ms. Wright will testify as to the production and inspection of 584 Chicken, the labeling and shipping of 584 Chicken, and other matters related to 584 Chicken that relate to Innovative's claims and Pilgrim's affirmative defenses.

4.      Santiago Tinoco (may testify)

Mr. Tinoco is a sales manager for Pilgrim's international sales. He may testify about the market for 584 Chicken, Pilgrim's sales efforts for 584 Chicken, and other matters relating to the sale of 584 Chicken that relate to Innovative's claims and Pilgrim's affirmative defenses.

## VIII.   EXHIBITS

A table setting forth the parties' exhibits and objections in the form prescribed by LCR 16.1 is attached as **Exhibit A**.

Additionally, the parties note that (i) their exhibit lists included a number of duplicative exhibits and that certain duplicative or near-duplicative exhibits were used in depositions and (ii) a number of the depositions that will be read and/or shown in trial refer to deposition exhibits that bear a different deposition exhibit number than the document bears as a trial exhibit. To minimize confusion for the Court, the jury, and the parties, the parties are stipulating in certain cases that a single exhibit can stand in for multiple identical or nearly identical deposition exhibits for purposes of trial. The parties have proposed a jury instruction to this effect and are also preparing a table for the jury that will cross reference trial exhibit numbers to deposition exhibit numbers.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Pilgrim's further notes for the Court that Houlihan and Innovative recently settled. Pilgrim's has not yet received a copy of the settlement agreement. Pilgrim's reserves the right to amend its exhibit list in the event necessary to address issues raised by the settlement.

## IX.    ACTION BY THE COURT

(a)    This case is scheduled for trial before a jury on December 2, 2024, at 9:00 A.M.

(b)    Trial briefs shall be submitted to the Court on or before November 25, 2024.

(c)    Jury instructions requested by either party shall be submitted to the Court on or before November 15, 2024. Suggested questions of either party to be asked of the jury by the Court on voir dire shall be submitted to the Court on or before November 25, 2024.

The parties approve this Order as evidenced by the signature of their counsel. This Order shall control the subsequent course of the action unless modified by a subsequent order. This Order shall not be amended except by order of the Court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this 26th day of November 2024.


JOHN C. COUGHENOUR
United States District Judge


AMENDED PRETRIAL ORDER - 37
(2:22-cv-00296-JCC)
321036748.11

1    FORM APPROVED:

2

3    K&L GATES LLP

4
     By: *s/Philip M. Guess*
5    Philip M. Guess, WSBA #26765
     Emaan R. Jaberi, WSBA #56990
6    925 Fourth Avenue, Suite 2900
     Seattle, WA 98104-1158
7    Phone: (206) 623-7580
     Email: philip.guess@klgates.com
8            emaan.jaberi@klgates.com

9    Elizabeth H. White, WSBA #58976
     Henry G. Ross, WSBA #51591
10   One SW Columbia Street, Suite 1900
     Portland, OR  97204
11   Phone: (503) 228-3200
     Email: elizabeth.white@klgates.com
12           henry.ross@klgates.com

13
     PREG O'DONNELL & GILLETT PLLC
14

15   By: *s/ Daniel Rankin*
16   Bennett J. Hansen, WSBA #24205
     Daniel Rankin, WSBA #49673
17   Preg O'Donnell & Gillett PLLC
     401 Union Street, Suite 1900
18   Seattle, WA 98101
     Email: bhansen@pregodonnell.com
19           drankin@pregodonnell.com

20

21

22

23

24

25

26

     AMENDED PRETRIAL ORDER - 38
     (2:22-cv-00296-JCC)
     321036748.11

1

SPENCER FANE LLP

2

3     By: *s/ Daniel Blegen*
      Kevin Kuhlman, *pro hac vice*
      Daniel Blegen, *pro hac vice*
4     Sarah Hobbs, *pro hac vice*
      Spencer Fane LLP
5     1000 Walnut Street, Suite 1400
      Kansas City, MO  64106
6     Email: kkuhlman@spencerfane.com
             dblegen@spencerfane.com
7             shobbs@spencerfane.com

8

DAVIS WRIGHT TREMAINE LLP

9

      By: *s/ Theo A. Lesczynski*
10    Theo A. Lesczynski, WSBA # 59780
      Davis Wright Tremaine, LLP
11    920 Fifth Avenue, Suite 3300
      Seattle, WA  98104
12    Email: theolesczynski@dwt.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AMENDED PRETRIAL ORDER - 39
(2:22-cv-00296-JCC)
321036748.11

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1

## CERTIFICATE OF SERVICE

2       I, Philip M. Guess, certify under penalty of perjury under the laws of the State of

3  Washington that on November 12, 2024, I caused to be served a true and correct copy of the

4  foregoing document on:

5

6   Bennett J. Hansen                          ☐ Via Email
    Daniel Rankin                              ☐ Via First Class Mail
7   Preg O'Donnell & Gillett PLLC              ☐ Via Hand Delivery
    901 Fifth Avenue Suite 3400                ☒ Via CM/ECF
    Seattle, WA 98164-2026
8   Email:  bhansen@pregodonnell.com
            drankin@pregodonnell.com
9

10  Theo A. Lesczynski                         ☐ Via Email
    Davis Wright Tremaine, LLP                 ☐ Via First Class Mail
    920 Fifth Avenue, Suite 3300               ☐ Via Hand Delivery
11  Seattle, WA  98104                         ☒ Via CM/ECF
    Email: theolesczynski@dwt.com
12

13  Kevin Kuhlman, *pro hac vice*             ☐ Via Email
    Daniel Blegen, *pro hac vice*             ☐ Via First Class Mail
    Sarah Hobbs, *pro hac vice*               ☐ Via Hand Delivery
14  Spencer Fane LLP                           ☒ Via CM/ECF
    1000 Walnut Street, Suite 1400
15  Kansas City, MO  64106
    Email: kkuhlman@spencerfane.com
16          dblegen@spencerfane.com
            shobbs@spencerfane.com
17

    DATED: November 12, 2024.
18

19                          *s/ Philip M. Guess*
                            Philip M. Guess
20

21

22

23

24

25

26

AMENDED PRETRIAL ORDER - 40
(2:22-cv-00296-JCC)
321036748.11