THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INNOVATIVE SOLUTIONS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOULIHAN TRADING CO., INC, *et al.*, <br><br> Defendants. | CASE NO. C22-0296-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff Innovative Solutions International, Inc.'s (hereinafter "Plaintiff" or "Innovative") motion for reconsideration (Dkt. No. 380). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

I.  BACKGROUND

Innovative asks the Court to clarify its March 27, 2025, ruling granting in part and denying in part Innovative's motion for treble damages, attorney fees, and post-judgment interest (Dkt. No. 377). (Dkt. No. 380 at 2.) Specifically, Innovative seeks reconsideration of the Court's ruling to the extent it inadvertently (1) omitted Innovative's request for attorney fees incurred in litigating the attorney fees motion, and (2) "double counted" the 20% discount for entries that were both block-billed and vague, thereby applying a 40% total discount to such entries. (*See generally id.*) Pilgrim's opposes. (*See generally* Dkt. No. 386.)

//

## II. DISCUSSION

### A. Legal Standard

Motions for reconsideration are generally disfavored. LCR 7(h)(1). They are only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "Manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Munoz v. Locke*, 2013 WL 12177035, slip op. at 2 (W.D. Wash. 2013) (internal citation and quotation omitted). As such, motions for reconsideration must "point out with specificity the matters which the movant believes were overlooked or misapprehended by the [C]ourt, any new matters being brought to the [C]ourt's attention for the first time, and the particular modifications being sought in the [C]ourt's prior ruling." LCR 7(h)(2). In turn, reconsideration should not be used to ask the Court to "rethink what it had already thought through—rightly or wrongly." *Wilcox v. Hamilton Constr., LLC*, 426 F. Supp. 3d 788, 791 (W.D. Wash. 2019) (cleaned up); *see, e.g.*, *Brown v. Murphy*, 2023 WL 6481566, slip op. at 1 (W.D. Wash. 2023); *Hoffman v. Transworld Sys. Inc.*, 2019 WL 109437, slip op. at 1 (W.D. Wash. 2019).

### B. Innovative's Request for Fees in Litigating Attorney Fees

Innovative contends that the Court may have "inadvertently omitted" Innovative's request for attorney fees in bringing its original attorney fees motion. (Dkt. No. 380 at 2.) It rightly observes that the Court's prior ruling "d[id] not appear to consider or discuss" this request. (*Id.* at 3.) In response, Pilgrim's asserts that the Court "properly used its broad discretion to exclude those fees from the final award." (Dkt. No. 386 at 3.)

The Court finds that this omission rises to the level of manifest error. That is, the Court manifestly erred in overlooking Innovative's additional fee request when Innovative consistently raised it in its motion, reply, and declarations attached thereto, *and* offered controlling authority in support thereof. (*See* Dkt. No. 355 at 7 n.5) (citing *Fisher Props., Inc. v. Arden-Mayfair, Inc.*,

798 P.2d 799, 807 (Wash. 1990)), (*see also* Dkt. Nos. 363 at 4 n.1, 364 at 2–3, 364-1). The Court therefore GRANTS Innovative's motion for reconsideration with respect to the additional fees it incurred in bringing its original motion for attorney fees and INCREASES Innovative's initial award of $2,974,671.60 by $86,025.60,[1] for a combined total of $3,060,697.20.

### C. Discount for Block-billed and/or Vague Entries

Innovative also seeks clarification from the Court as to whether it intended to "double count" the 20% discount to Innovative's block-billed and vague entries. (*See* Dkt. No. 380 at 3–4.) Said differently, Innovative contends that the Court inadvertently applied a 40% discount to time entries that Pilgrim's challenged as both vague *and* block-billed. (*Id*. at 3) (*see also*, *e.g.*, Dkt. No. 362-4 at 5) (Pilgrim's flagged entry no. 145 as both vague *and* block-billed, so the Court's prior calculation resulted in an overall 40% discount to this entry). To the extent this "double discount" was unintentional, Innovative seeks to recover an additional $62,332.40 in attorney fees. (Dkt. No. 380 at 4.)

The Court acknowledges that the language of its ruling was not entirely clear on this issue. Accordingly, the Court CLARIFIES that this "double discount" was, in fact, intentional. That is, the Court intended to apply a 20% discount to each of Innovative's time entries that were block-billed and/or vague. As such, if a time entry was guilty of both defects, then it fell victim to the 20% discount for *each* defect. Innovative does not otherwise demonstrate manifest error in the Court's prior ruling or present new facts or legal authority that would change the Court's analysis. *See* LCR 7(h)(1). The Court therefore DENIES Innovative's motion for reconsideration with respect to the appropriate discount for vague and/or block-billed time entries.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiff's

---

[1] Per Innovative's counsel's request, this figure represents 80% of Innovative's total request for $107,532, and thus reflects the 20% discount the Court previously applied to Innovative's time entries. (*See* Dkt. No. 380 at 3; *see also* Dkt. No. 377 at 9) (Court's application of discount).

motion for reconsideration (Dkt. No. 380). Specifically, the Court increases the attorney fees' award to $3,060,697.20. The Court's method of discounting vague and/or block-billed entries remains unchanged.

DATED this 17th day of April 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE