THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INNOVATIVE SOLUTIONS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOULIHAN TRADING CO., INC, *et al.*, <br><br> Defendants. | CASE NO. C22-0296-JCC <br><br> ORDER |

This matter comes before the Court on Defendant Houlihan Trading Company, Inc.'s (hereinafter "Houlihan") motion for reconsideration (Dkt. No. 390). Specifically, Houlihan asks the Court to reconsider or clarify its supplemental judgment (Dkt. No. 389), which did not reference post-judgment interest for Houlihan's original jury award of $1.5 million, (Dkt. No. 348 at 2). (*See generally* Dkt. No. 390.)

Motions for reconsideration are generally disfavored. LCR 7(h)(1). They are only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "Manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Munoz v. Locke*, 2013 WL 12177035, slip op. at 2 (W.D. Wash. 2013) (internal citation and quotation omitted). In turn, a motion for reconsideration is improper if it merely asks the Court to "rethink what it had already thought through—rightly or wrongly." *Wilcox v. Hamilton Constr., LLC*, 426

F. Supp. 3d 788, 791 (W.D. Wash. 2019) (cleaned up); *see, e.g.*, *Brown v. Murphy*, 2023 WL 6481566, slip op. at 1 (W.D. Wash. 2023); *Hoffman v. Transworld Sys. Inc.*, 2019 WL 109437, slip op. at 1 (W.D. Wash. 2019).

Houlihan contends that the Court committed manifest error in failing to "apply post-judgment interest to the original judgment of $1.5 million." (Dkt. No. 390 at 4.) The Court agrees that it neglected to mention the original $1.5 million jury award in the post-judgment interest section of its supplemental judgment. (*See* Dkt. No. 389 at 1–2.) But this was no more than a clerical oversight; it certainly does not rise to the level of manifest error. Accordingly, the Court DENIES Houlihan's motion for reconsideration (Dkt. No. 390). However, pursuant to Rule 60(a), the Court will enter an amended supplemental judgment to correct the clerical error. Fed. R. Civ. P. 60(a).

DATED this 8th day of May 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE