THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

INNOVATIVE SOLUTIONS
INTERNATIONAL, INC., a Washington
corporation,

            Plaintiff,

    v.

HOULIHAN TRADING CO., INC., a
Florida corporation; BRIGHTON GROUP,
LLC, an Arkansas limited liability
company; MARCUS TECHNOLOGIES
LLC, a Texas limited liability company;
SHUMAKER INTERNATIONAL CORP.,
a Tennessee corporation; COOK
INTERNATIONAL TRADE &
BROKERAGE, INC., a Florida
corporation; NORTH SOUTH FOODS
GRP., INC., a Florida corporation;
HENLEY'S WHOLESALE MEATS,
INC., an Arkansas corporation;
PILGRIM'S PRIDE CORP., a Delaware
corporation; and DOES 1–10,

            Defendants.

Case No. 2:22-cv-00296-JCC

**PLAINTIFF'S MOTION FOR RULE
54(b) ENTRY OF PARTIAL FINAL
JUDGMENT**

NOTE ON MOTION CALENDAR:
December 9, 2025

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PLAINTIFF'S MOTION FOR RULE 54(b)
ENTRY OF PARTIAL FINAL JUDGMENT
(2:22-cv-00296-JCC)

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE:  +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................................. 1

II.   STATEMENT OF FACTS .................................................................................... 2

    A.    The Litigation and December 2024 Jury Trial........................................ 2

    B.    Post-Trial Motions and New Trial on Houlihan's Damages ................... 3

    C.    Current Litigation Status and Timeline................................................... 4

III.  LEGAL STANDARD............................................................................................ 4

IV.   AUTHORITY & ARGUMENT ............................................................................ 5

    A.    Factor One: The judgment in Innovative's favor is complete with respect to all claims and defenses between Innovative and Pilgrim's. ............................. 5

    B.    Factor Two: The claims between Innovative and Pilgrim's are severable from Houlihan's damages claim against Pilgrim's................................... 6

    C.    Factor Three: Equitable considerations favor a prompt appeal. ............ 7

V.    CONCLUSION...................................................................................................... 9

PLAINTIFF'S MOTION FOR RULE 54(b)
ENTRY OF PARTIAL FINAL JUDGMENT
(2:22-CV-00296-JCC)- i

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE:  +1 206 623 7580
FACSIMILE: +1 206 623 7022

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4
5
*Ackerman v. Fed. Deposit Ins. Corp.*,
  973 F.2d 1221 (5th Cir.1992) ...................................................................6

6
7
*Bank of Lincolnwood v. Fed'l Leasing, Inc.*,
  622 F.2d 944 (7th Cir. 1980) ...................................................................8

8
*In re Berke*,
  837 F.2d 293 (7th Cir. 1988) ...................................................................8

9
10
*Curtiss-Wright Corp. v. General Elec. Co.*,
  446 U.S. 1 (1980) ...................................................................6

11
12
*Gausvik v. Perez*,
  396 F. Supp.2d 1173 (E.D. Wash. 2005) ...................................................................7

13
*Gregorian v. Izvestia*,
  871 F.2d 1515 (9th Cir. 1989) ...................................................................5

14
15
*Jewel v. NSA*,
  810 F.3d 622 (9th Cir. 2015) ...................................................................5

16
17
*Pakootas v. Teck Cominco Metals, Ltd.*,
  905 F.3d 565 (9th Cir. 2018) ...................................................................6

18
*Rinky Dink, Inc. v. Electronic Merchant Systems*,
  No. C13-1347-JCC, 2015 WL 11234154 (W.D. Wash. March 24, 2015) ...................................................................6

19
20
*Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*,
  548 F.3d 738 (9th Cir. 2008) ...................................................................4

21
*Texaco, Inc. v. Ponsoldt*,
  939 F.2d 794 (9th Cir. 1991) ...................................................................6

22
23
*Wood v. GCC Bend, LLC*,
  422 F.3d 873 (9th Cir. 2005) ...................................................................5

24

**Statutes**

25
Washington Consumer Protection Act...................................................................3, 7

26

PLAINTIFF'S MOTION FOR RULE 54(b)
ENTRY OF PARTIAL FINAL JUDGMENT
(2:22-CV-00296-JCC)- ii

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

**Other Authorities**

Federal Rule of Civil Procedure 54(b) ..................................................................... *passim*

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE:  +1 206 623 7580
FACSIMILE: +1 206 623 7022

## I.     INTRODUCTION

Plaintiff Innovative Solutions International, Inc. ("Innovative"), suffered significant financial harm at the hands of Defendant Pilgrim's Pride Corporation ("Pilgrim's"). After lengthy litigation, a jury verdict and a series of judgments and orders from this Court, Innovative has in hand fully litigated judgments for a total of more than $13.5 million. No further proceedings in this Court will change the determinations that Pilgrim's is liable and that it owes Innovative millions of dollars.

Final resolution of this case, however, has been delayed. As the Court knows, after extensive post-trial motions, the Court affirmed the jury's verdict in every way but one. Specifically, the Court overturned the jury's determination as to Houlihan Trading Co., Inc.'s ("Houlihan") damages. Currently, trial on Houlihan's damages resulting from Pilgrim's breach of its express warranty is scheduled for April 13, 2026, with post-trial motions almost certainly to follow.

Innovative asks the Court to direct entry of final judgment under Federal Rule of Civil Procedure 54(b) and expressly determine that there is no just reason for delay. Under this case's circumstances, the criteria associated with granting such a Rule 54(b) motion are met. With respect to the initial Rule 54(b) requirement, whether this Court is able to effectively render judgment for Innovative, we know the answer is yes. How? Because the Court has already done so, (Dkt. 389) and done so effectively enough that Pilgrim's sought appeal of that judgment. Dkt. 416. As to the second criteria, concerns regarding piecemeal litigation, the circumstances of this case mitigate this concern. Innovative and Houlihan are different parties, prevailed on different claims, and have distinct damages theories (including separate damages trials). Finally, with respect to the equities, a Rule 54(b) ruling would meet the needs of both Innovative and Pilgrims. Innovative would like this case to proceed to conclusion. Pilgrim's complained in a recent filing about the same delay:

> Houlihan's decision to reject the Court's remittitur and pursue previously undisclosed damages has already cost Pilgrim's well over $100,000 in accrued interest by preventing finality of judgement and delaying Pilgrim's time to appeal.

PLAINTIFF'S MOTION FOR RULE 54(b)
ENTRY OF PARTIAL FINAL JUDGMENT
(2:22-CV-00296-JCC)- 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1    Dkt. 420 at 9. In fact, Pilgrim's has asked this Court to shift the cost associated with additional

2    post-judgment interest to Houlihan, contending that Houlihan is somehow responsible for the

3    delay. *Id*. at 11-12.

4         There is no just reason Innovative should wait until the conclusion of Houlihan's damages

5    case. There is no just reason that Pilgrim's should have to incur additional post-judgment interest

6    before its appeal is heard. There is no just reason why this post-judgment interest should be shifted

7    to Houlihan. This matter need not wait another eight to ten months (trial plus post-trial briefing)

8    to be heard on appeal. The different parties, with different claims, asking for different damages,

9    can proceed on separate but orderly tracks.

10                    **II.    STATEMENT OF FACTS**

11        The Court is well aware of the basic facts of this case; Innovative will focus here on those

12    facts most relevant to this motion.

13    **A. The Litigation and December 2024 Jury Trial**

14        Innovative bought truckloads of chicken from Pilgrim's through Houlihan, a broker. Dkt.

15    408 at 1. Innovative used the chicken to create Chile Lime Chicken Burgers, which it sold to Trader

16    Joe's. In the fall of 2021, Trader Joe's received a large volume of complaints about bone fragments

17    in the burgers, which resulted in Innovative having to recall the burgers and Trader Joe's ending

18    its business relationship with Innovative. *Id*. at 1-2.

19        Innovative brought suit against Houlihan, Pilgrim's and others.[1] By the time the case

20    reached the jury, Innovative asserted four claims against Pilgrim's: (i) Innovative contended

21    Pilgrim's was liable for negligent misrepresentation because Pilgrim's falsely described the

22    chicken as "LRG BRST TRIM," which meant that it was boneless (*Id*. at 4); (ii) Innovative claimed

23    Pilgrim's was liable for negligent misrepresentation for failure to disclose the true condition of the

24    chicken (*Id*. at 5 n.3); (iii) Innovative alleged that Pilgrim's was negligent in failing to provide

25

26    [1] The other defendants were dismissed, by this Court or voluntarily, on the basis that this Court
      lacked personal jurisdiction.

PLAINTIFF'S MOTION FOR RULE 54(b)
ENTRY OF PARTIAL FINAL JUDGMENT
(2:22-CV-00296-JCC)- 2

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

1   boneless chicken (*Id*. at 6); and iv) Innovative alleged Pilgrim's violated the Washington

2   Consumer Protection Act based on Pilgrim's unfair or deceptive representation that the chicken

3   was boneless (*Id*. at 7). Houlihan asserted a single claim against Pilgrim's, for breach of express

4   warranty. *Id*. at 8.

5          The jury found in favor of Innovative and Houlihan on each of their claims against

6   Pilgrim's. In relevant part, the judgment was in favor of Innovative on liability against Pilgrim's

7   for $10.5 million and in favor of Houlihan on liability against Pilgrim's for $1.5 million. Dkt. 348,

8   1-2.

9   **B. Post-Trial Motions and New Trial on Houlihan's Damages**

10         On December 27, 2024, the Court entered judgment on the verdict of the jury. In relevant

11  part, the judgment was in favor of Innovative on liability against Pilgrim's in the amount of $10.5

12  million and in favor of Houlihan on liability against Pilgrim's in the amount of $1.5 million. *Id*.

13  The Court entered a supplemental judgment on April 28, 2025, which in relevant part added just

14  more than $3 million in attorneys' fees in Innovative's favor and directing Pilgrim's to pay post-

15  judgment interest on both the jury's award and the fee award at rates set in the judgment. Dkt. 389.

16         By order on July 24, 2025, the Court ruled on Pilgrim's post-trial motions. As to

17  Innovative, the Court denied Pilgrim's Renewed Motion for Judgment as a Matter of Law, its

18  Motion for a New Trial, and its Request to Remit Innovative's damages award. Dkt 408 at 14.

19         As to Houlihan, the Court rejected Pilgrim's Motion for Judgment as a Matter of Law and

20  its Motion for a New Trial, but granted Pilgrim's Request for Remittitur as to Houlihan's damages

21  award. *Id*. The Court concluded that Houlihan had offered evidence that was "tenuous at best" in

22  support of its damages claim. *Id*. at 13.

23         The Court determined that there was reason to remit Houlihan's $1.5 million judgment to

24  zero and, so, gave Houlihan a choice to accept the remitted award or have a new trial limited to

25  damages. *Id*. at 14. Houlihan "request[ed] a new trial solely on the issues of Houlihan's

26

PLAINTIFF'S MOTION FOR RULE 54(b)
ENTRY OF PARTIAL FINAL JUDGMENT
(2:22-CV-00296-JCC)- 3

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

1    damages[,]" (Dkt. 409, at 2), and the Court has scheduled that limited trial for April 2026, five

2    months from now. Dkt. 414.[2]

3    **C.  Current Litigation Status and Timeline**

4            The District Court has fully resolved the dispute between Innovative and Pilgrim's, making

5    the only relevant action an appeal to the Ninth Circuit. The remaining Houlihan-Pilgrim's damage

6    trial, which will not involve Innovative, is set for April 13, 2026, 16 months after the jury rendered

7    its verdict and five months from now. After trial, there will inevitably be post-verdict motions by

8    one or both sides, which are likely to add at least several months, as post-trial briefing from the

9    December 2024 verdict to the July 24, 2025 Post-Trial Order (Dkt. 408) took approximately seven

10   months.

11           The pendency of the Houlihan-Pilgrim's damage trial prejudices both Innovative and

12   Pilgrim's. For Innovative, because there is no present final judgment, Innovative is not currently

13   able to execute on its judgment. Likewise, because there remains a single issue still in dispute, the

14   appellate process is stalled, at least to the date of the verdict in the Houlihan damage trial but, more

15   likely, to the conclusion of post-trial motions. And for Pilgrim's, per its own stated concerns,

16   interest on Innovative's judgment will continue to accrue. Dkt. 420 at 9. For example, if the appeal

17   for the upcoming Houlihan-Pilgrim's damages trial delays final resolution for a year from now (to

18   November 2026), Pilgrim's will owe Innovative an additional $573,532.52 of interest it would not

19   have absent a Rule 54(b) judgment.

20                        **III.    LEGAL STANDARD**

21           In the usual circumstances, a case is not appealable until the district court has resolved all

22   claims with respect to all parties so that there is nothing left to do but execute the judgment.

23   *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747 (9th Cir. 2008). A

24   party, however, may appeal a distinct, non-final judgment, in certain circumstances. As relevant

25   _____

26   [2] Pilgrim's filed a notice of appeal on August 25, 2025. Dkt. 416. The Ninth Circuit dismissed
     that appeal for lack of appellate jurisdiction by order on October 22, 2025. Dkt. 419.

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

1   here, under Federal Rule of Civil Procedure 54(b) an appeal is permitted where the district court

2   directs entry of a final judgment on fewer than all claims and expressly determines that there is no

3   just reason for delay. *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 877-78 (9th Cir. 2005).

4       The district court considers three factors in determining whether to enter a final judgment

5   under Rule 54(b). First, a district court must determine if it has effectively rendered ultimate

6   disposition on the individual claim(s) in a multi-claim action. *Id*. at 878. Second, the district court

7   should consider various "juridical concerns" related to piecemeal appeals. *Id*. at 879. The court

8   should ask if the claims for which the movant seeks a final judgment are "sufficiently divisible

9   from the other claims such that the case would not inevitably come back to [the court of appeals]

10  on the same set of facts." *Jewel v. NSA*, 810 F.3d 622, 628 (9th Cir. 2015) (cleaned up). Third, the

11  district court has to undertake an "equitable analysis." *Id*. at 628. More specifically, the court

12  should consider traditional equitable principles such as prejudice and delay, *Gregorian v. Izvestia*,

13  871 F.2d 1515, 1519 (9th Cir. 1989), and whether the timing of the judgment might inflict severe

14  financial harm on either side. *Wood*, 422 F.3d at 878 n.2.

15              **IV.     AUTHORITY & ARGUMENT**

16      Here, all three of the factors weigh in favor of issuing a Rule 54(b) judgment and expressly

17  determining that there is no just reason for delay.

18  **A. Factor One: The judgment in Innovative's favor is complete with respect to all claims
    and defenses between Innovative and Pilgrim's.**

19      The Court's December 27, 2024, judgment and April 28, 2025, supplemental judgment

20  resolved all claims and defenses between Innovative and Pilgrim's. Once the Court entered its July

21  24, 2025, order denying Pilgrim's motion for post-trial relief with respect to Innovative, there was

22  nothing left for the Court to do with respect to the Innovative-Pilgrim's dispute. In fact, Pilgrim's

23  was sufficiently concerned with the ripeness of the initial and supplemental judgment that, after

24  its post-trial motions were denied, it sought to appeal the judgment to the Ninth Circuit within 30

25  days of that decision. *See Supra*, fn. 2. And, while the Ninth Circuit concluded that those judgments

26

---

PLAINTIFF'S MOTION FOR RULE 54(b)
ENTRY OF PARTIAL FINAL JUDGMENT
(2:22-CV-00296-JCC)- 5

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

were not yet appealable, Pilgrim's concern underscores all parties' recognition that the District Court's actions regarding the Innovative-Pilgrim's matter have concluded.

**B. Factor Two: The claims between Innovative and Pilgrim's are severable from Houlihan's damages claim against Pilgrim's.**

The next question is "whether the claims [potentially] under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980).

Claims with "partially overlapping facts are not foreclosed from being separate for purposes of Rule 54(b)." *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 575 (9th Cir. 2018) (quotations omitted). Thus, a district court may enter final judgment on a claim even if it is not "separate from and independent of the remaining claims." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (citation omitted); *see also, Rinky Dink, Inc. v. Electronic Merchant Systems*, No. C13-1347-JCC, 2015 WL 11234154 (W.D. Wash. March 24, 2015) (Coughenour, J.) (claims certified under Rule 54(b) need not be entirely separate from those remaining).

The only remaining issue for this court to resolve is Houlihan's damages. That is wholly separable from Innovative's liability and damages claims. The jury already found Innovative established Pilgrim's liability on three separate claims and damages of $10.5 million. In denying Pilgrim's post-trial motion, the Court found sufficient evidence to support all of the jury's findings in favor of Innovative and its damages award. Accordingly, there is nothing more for this Court to do with respect to Innovative's claims against Pilgrim's, and Innovative will be nothing more than an interested bystander at the April 2026 limited retrial on Houlihan's damages claim. Courts have held that the fact that remaining claims will involve different parties supports a Rule 54(b) request. *See Ackerman v. Fed. Deposit Ins. Corp.,* 973 F.2d 1221, 1225 (5th Cir.1992).

There is a separate concern, expressed in *Curtiss-Wright*, whether a 54(b) judgment might require the Ninth Circuit to rule on the same legal issue twice. This is unlikely. Pilgrim's appeal

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

as to Innovative focuses on issues surrounding Pilgrim's negligent misrepresentation, negligence, and violation of Washington's Consumer Protection Act, as well as any issues surrounding the damage award. Any appeal of the April 2026 limited retrial of Houlihan's damages claim would presumably focus on the sufficiency of evidence to support Houlihan's express-warranty claim (a breach of which was determined in the 2024 trial) and the sufficiency of the evidence to support any damages awarded to Houlihan.

While there is some factual overlap—mainly with respect to what representations were made about attributes of Pilgrim's chicken, to whom and when those representations were made—it is unlikely the issues would need to be addressed in both potential appeals. Assuming—as Innovative does—that the Ninth Circuit affirms, Pilgrim's would likely be collaterally estopped to deny the jury's findings about what representations were made to whom and whether they were accurate. *See Gausvik v. Perez*, 396 F. Supp.2d 1173, 1175 (E.D. Wash. 2005) (party may be collaterally estopped if subsequent proceeding involves same issue, that issue was actually litigated and the resolution was necessary to the earlier proceeding). Any subsequent appeal would almost certainly focus on whether Houlihan's warranty claim or whether Houlihan provided sufficient evidence to support its damages.

**C. Factor Three: Equitable considerations favor a prompt appeal.**

Equitable considerations also favor entry of a partial final judgment now. Innovative received the chicken at issue in this case in the summer of 2021, and Trader Joe's terminated its business relationship with Innovative in late 2021. While trial was originally scheduled for October 2023, trial was not held until December 2024 for reasons beyond Innovative's control. This lawsuit will have been pending for four years in March 2026.

Importantly, the delay required by the separate Houlihan-Pilgrim's damages claim will almost certainly be longer than April of 2026. Just as there were post-trial proceedings with respect to the December 2024 trial, there will also be post-trial proceedings with respect to Houlihan's damage trial. In other words, there will likely not be a final judgment in this matter for another

PLAINTIFF'S MOTION FOR RULE 54(b)
ENTRY OF PARTIAL FINAL JUDGMENT
(2:22-CV-00296-JCC)- 7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1    year, followed of course by a lengthy appeal process that will continue to delay Innovative's
2    remedy.

3          There is no just reason for Innovative to have to wait that long. As the Court heard at trial,
4    Pilgrim's conduct inflicted significant financial harm on Innovative. But, until the Court enters a
5    final judgment on Innovative's claims, Innovative cannot begin execution proceedings. *In re*
6    *Berke*, 837 F.2d 293, 294 (7th Cir. 1988) ("Yet a judgment not final under Rule 54(b) also is not
7    one on which execution lies."). "An important effect of a 54(b) certification is that the entry of
8    judgment permits prompt execution. When no substantial reason appears why a litigant should not
9    be entitled to collect upon a claim adjudicated in its favor immediately, the appellate courts will
10   sustain the entry of judgment upon that claim by the trial court." *Bank of Lincolnwood v. Fed'l*
11   *Leasing, Inc.*, 622 F.2d 944, 951 (7th Cir. 1980). As the Court and the jurors heard, Pilgrim's
12   conduct caused significant hardship to Innovative from the time the defective products were first
13   delivered years ago; that hardship should not continue to be compounded by additional delay in
14   Innovative receiving its remedy.

15         Likewise, Pilgrim's should not need to wait for resolution. In fact, Pilgrim's recently
16   detailed the prejudice it will suffer because of the delay, noting it will incur substantial interest
17   expense with respect to the Innovative judgment, should the appeal be delayed and the Ninth
18   Circuit affirm. Dkt. 420 at 9-12. There is no need for Pilgrim's concern to continue. There is no
19   need for the Pilgrim's appeal with respect to Innovative to be delayed. This Court's entry of a Rule
20   54(b) judgment would resolve these issues.

21         Innovative proved its case to the jury, and this Court held that there was sufficient evidence
22   to sustain that verdict. It is not Innovative's fault that there will need to be further proceedings
23   taking conclusion of this case well into 2026, and it should not be Innovative's (or any other
24   parties') burden.

25

26

PLAINTIFF'S MOTION FOR RULE 54(b)
ENTRY OF PARTIAL FINAL JUDGMENT
(2:22-CV-00296-JCC)- 8

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

1

## V.    CONCLUSION

2

For these reasons, Innovative respectfully requests the Court grant this motion, expressly

3

determine that there is no just reason for delay, and direct entry of a partial final judgment on all

4

claims, damages, fees and interests awarded to Innovative and against Pilgrim's. Innovative has

5

provided a proposed form of order.

6

I certify that this memorandum contains 2,843 words, in compliance with the Local Civil

7

Rules.

8

Dated: November 18, 2025.                    Respectfully submitted,

9

K&L GATES LLP

10

By: s/ Philip M. Guess
Philip M. Guess, WSBA #26765

11

Emaan R. Jaberi, WSBA #56990
925 Fourth Ave., Suite 2900

12

Seattle, WA 98104-1158
Phone    (206) 623-7580

13

Email:   philip.guess@klgates.com
emaan.jaberi@klgates.com

14

15

Elizabeth H. White, WSBA #58976
Henry G. Ross, WSBA #51591

16

One SW Columbia Street, Suite 1900
Portland, OR 97204

17

Phone:   (503) 228-3200
Email:   elizabeth.white@klgates.com

18

henry.ross@klgates.com

19

*Attorneys for Plaintiff*

20

21

22

23

24

25

26

PLAINTIFF'S MOTION FOR RULE 54(b)
ENTRY OF PARTIAL FINAL JUDGMENT
(2:22-CV-00296-JCC)- 9

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

1

## CERTIFICATE OF SERVICE

2    I, Philip M. Guess, certify under penalty of perjury under the laws of the State of

3 Washington that on November 18, 2025, I caused to be served a true and correct copy of the

4 foregoing document on:

5

6    Bennett J. Hansen                          ☐ Via Email
     Daniel Rankin                              ☐ Via First Class Mail
7    Preg O'Donnell & Gillett PLLC              ☐ Via Hand Delivery
     401 Union Street Suite 1900                ☒ Via CM/ECF
8    Seattle, WA 98101
     Email:  bhansen@pregodonnell.com
9            drankin@pregodonnell.com

10   Theo A. Lesczynski                         ☐ Via Email
     Davis Wright Tremaine, LLP                 ☐ Via First Class Mail
11   920 Fifth Avenue, Suite 3300               ☐ Via Hand Delivery
     Seattle, WA  98104                         ☒ Via CM/ECF
12   Email:  theolesczynski@dwt.com

13

14   Kevin Kuhlman, *pro hac vice*              ☐ Via Email
     Daniel Blegen, *pro hac vice*              ☐ Via First Class Mail
15   Sarah Hobbs, *pro hac vice*                ☐ Via Hand Delivery
     Spencer Fane LLP                           ☒ Via CM/ECF
16   1000 Walnut Street, Suite 1400
     Kansas City, MO  64106
17   Email:  kkuhlman@spencerfane.com
             dblegen@spencerfane.com
18           shobbs@spencerfane.com

19

20   DATED: November 18, 2025.

21

22              By: s/ Philip M. Guess
                Philip M. Guess, WSBA #26765
23

24

25

26

CERTIFICATE OF SERVICE

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022