THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INNOVATIVE SOLUTIONS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOULIHAN TRADING CO., INC, *et al.*, <br><br> Defendants. | CASE NO. C22-0296-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff Innovative Solutions International Inc.'s motion for entry of partial final judgment (Dkt. No. 429). Having thoroughly considered the briefing and record, the Court GRANTS the motion as explained herein.

The Court previously described the relevant background when it granted Defendant Pilgrim's Pride Corporation's request for remittitur of Defendant Houlihan Trading Company's damages award. (*See* Dkt. No. 408.) It will not repeat that information. Since then, the Court set this remaining issue for a new trial beginning April 13, 2026. (*See* Dkt. No. 414.) That trial is solely to determine Houlihan's damages attributable to Pilgrim's breach of its express warranty. (*See* Dkt. Nos. 339 at 5, 408 at 13–14.) The prior verdict(s) on Innovative's claims against Pilgrim's Pride (as to culpability and the resulting damages) and Houlihan's cross-claim against Pilgrim's (solely as to culpability) remain unchanged. (*Id.*)

In moving for partial judgment (more than a year after trial and more than four years after its injury), Innovative argues that any further delay (solely to quantify an award for Houlihan's

damages on its cross-claim) warrants Rule 54(b) relief. (*See generally* Dkt. No. 429.)

The Court "may direct entry of a final judgment as to one or more . . . claims or parties [but] only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "The Rule was adopted 'specifically to avoid the possible injustice of delay[ing] judgment o[n] a distinctly separate claim [pending] adjudication of the entire case . . . .'" *Jewel v. Natl. Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (quoting *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 410 (2015)). When considering such a request, the Court first determines whether it has rendered a "final judgment," *i.e.*, "an ultimate disposition of an individual claim." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–10 (1980)). All agree—the Court has done just that for the claims at issue here. (*Compare* Dkt. No. 429 at 9–10, *with* Dkt. No. 431 at 6.) Thus, the Court must next determine whether (a) there is any "just reason for delay" and (b) whether it would be "in the interest of sound judicial administration" to enter partial final judgment in Innovative's favor on its claims. *Wood*, 422 F.3d at 878 (internal citations omitted). This requires balancing the need to preserve judicial interests with equitable concerns. *Curtiss-Wright Corp.*, 446 U.S. at 8.

Pilgrim's first argues that the evidence necessary to prove up the quantum of Houlihan's damages at the upcoming trial overlaps significantly with that used to support Innovative's claims. (*See* Dkt. No. 431 at 7.) As a result, Rule 54(b) certification would not preserve judicial interests. (*Id.*) The argument does not track. The trial is not about the culpability of Pilgrim's conduct and viability of the resulting claims. A jury already found Pilgrim's Pride negligent to Innovative and that it breached its warranty to Houlihan. (*See* Dkt. No. 339 at 1–5.) This is no longer at issue. The second trial is solely to determine the *quantum* of Houlihan's damages. (*See* Dkt. No. 408 at 13–14.) And the Court already concluded there was no evidence presented in the first trial on this particular issue. (*See* Dkt. No. 408 at 13–14). Thus, there should be little, if any, overlapping evidence in support of the claims Innovative now seeks judgment on and those that

remain.[1] Thus, issuing partial judgment in Innovative's favor does not harm judicial interests.

Pilgrim's Pride next argues that equitable concerns counsel against certification. (*See* Dkt. No. 431 at 8.) By way of review, the partial judgment Innovative seeks stems from claims arising from a 2021 loss. (*See, e.g.*, Dkt. No. 352 at 62.) Innovative filed suit against Pilgrim's just a few months later. (*See* Dkt. No. 1.) Yet now more than four years later and more than a year after a favorable jury verdict, Innovative cannot collect on that verdict, as there has been no final judgment in its favor (pending resolution of Houlihan's cross-claim). Pilgrim's (in opposing Innovative's request) argues that any further delay would not be prejudicial to Innovative, at least as relevant authority would provide. (*See* Dkt. No. 431 at 8.) But Pilgrim's cited authority is not on point. (*See id.* at 4–8) (citing, *e.g.*, *Jewel*, 810 F.3d at 631; *Abdo v. Fitzsimmons*, 2021 WL 3493169, slip op. at 4 (N.D. Cal. 2021)). Nor is its argument otherwise convincing. Innovative's inability to collect on its award and the resulting economic harm is self-evident. As the Supreme Court instructed 45 years ago, if "a delay in entry of judgment . . . would impair [a plaintiff's] ability to collect on the judgment, that would weigh in favor of certification." *Curtiss-Wright*, 446 U.S. at 12. Notably, Pilgrim's Pride previously indicated to the Court that the daily accrual of post-award interest to Innovative is a hardship. (*See* Dkt. No. 420 at 11–12.) Innovative is offering an easy fix—entering partial judgment for this amount. The Court is at great pains harmonizing Pilgrim's positions on these issues. Regardless, it seems clear that the balance of equities support certification.

Accordingly, the Court GRANTS Innovative's Rule 54(b) motion (Dkt. No. 429). There is no just reason for delaying entry of final judgment in Innovative's favor on claims submitted

---

[1] Granted, some of the evidence to be offered at the upcoming trial might *tangentially* bear on issues already put to the jury, but any overlap appears slight. This is insufficient to preclude a Rule 54(b) ruling. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 575 (9th Cir. 2018) ("[c]laims with partially overlapping facts are not foreclosed from being separate for purposes of Rule 54(b).") (citations omitted); *Purdy Mobile Homes, Inc. v. Champion Home Builders Co.*, 594 F.2d 1313, 1316 (9th Cir. 1979) (one "cannot successfully attack the court's finding of multiple claims merely by showing that some facts are common").

1 | to the jury December 10, 2024, for which it rendered a verdict on December 11, 2024.

2 | DATED this 30th day of December 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE